■ CONTINENTAL CAPITAL CORP., as Assignee of RESOLUTION TRUST CORPORATION, as Receiver for GOLDOME FEDERAL SAVINGS

BANK, Respondent, v JOAN FIORE, Appellant, et al., Defendants. WALDORF INVESTMENTS, Intervenor-Respondent. [658 NYS2d 889] —In a mortgage foreclosure action, the defendant Joan Fiore appeals, as limited by her brief, from stated portions of an order of the Supreme Court, Suffolk County (Cannavo, J.), dated May 28, 1996, which, *inter alia*, granted the motion of the Continental Capital Corp. to confirm the report of a Referee after a foreclosure sale, and denied her cross motion, *inter alia*, to vacate the judgment of foreclosure.

Ordered that the order is affirmed insofar as appealed from, with costs to the intervenor-respondent.

The appellant's claims regarding the alleged irregularity of the Referee's sale are not properly before this Court, as the appellant failed to raise them in her February 1996 cross motion to vacate the judgment of foreclosure and to set aside the sale of the property in question *(see, Dufficy v Wharf Bar & Grill,* 217 AD2d 646).

The appellant further claims that the judgment of foreclosure should be vacated and the foreclosure sale set aside because Resolution Trust Corporation (hereinafter Resolution Trust) misrepresented to the court that it owned the mortgage at the time it commenced this action. This contention, however, is an attempt to resurrect the appellant's claim that Resolution Trust lacks standing, which the court properly determined had been waived *(see also, Matter of Prudco Realty Corp. v Palermo,* 60 NY2d 656; *Muchnick v Alcamo Supply & Contr. Corp.,* 169 AD2d 711).

The appellant's remaining contentions are similarly without merit. Bracken, J. P., Ritter, Sullivan and Pizzuto, JJ., concur.