Ovidiu Marculescu, Respondent, v Alexandru Ovanez, Appellant, et al., Defendants. [815 NYS2d 598]—

In an action to foreclose a mortgage, the defendant Alexandru Ovanez appeals (1) from a decision of the Supreme Court, Queens County (Taylor, J.), dated September 16, 2004, and (2), as limited by his brief, from so much of an order of the same court entered December 13, 2004, as granted those branches of the plaintiff's motion which were for summary judgment on the issue of liability, to strike his answer, and to refer the matter to a referee, inter alia, for a computation of the amount due the plaintiff.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (*see Schicchi v J.A. Green Constr. Corp.*, 100 AD2d 509 [1984]); and it is further,

Ordered that the order is reversed insofar as appealed from, on the law, those branches of the motion which were for summary judgment on the issue of liability, to strike the appellant's answer, and to refer the matter to a referee, inter alia, for a computation of the amount due the plaintiff are denied, and the appellant's answer is reinstated; and it is further,

Ordered that one bill of costs is awarded to the appellant.

The plaintiff established his prima facie entitlement to judgment as a matter of law by submitting the relevant mortgage, the underlying note, and evidence of a default (*see Household Fin. Realty Corp. of N.Y. v Winn,* 19 AD3d 545 [2005]; *Fleet Natl. Bank v Olasov,* 16 AD3d 374 [2005]; *Republic Natl. Bank of N.Y. v O'Kane,* 308 AD2d 482 [2003]). In response, the defendant Alexandru Ovanez produced a release given to him by the

plaintiff, which extinguished Ovanez's debt to the plaintiff "for the promissory notes." Because the release is ambiguous as to whether the matters from which the plaintiff released Ovanez included the note underlying the mortgage that is the subject of this action, the document raised a triable issue of fact, precluding summary judgment in favor of the plaintiff on the issue of liability (*see Navillus Tile v Turner Constr. Co.,* 2 AD3d 209, 210 [2003]; *Doldan v Fenner,* 309 AD2d 1274, 1275-1276 [2003]; *Loitta v Real Seal Constr.,* 203 AD2d 786, 787-788 [1994]). Ritter, J.P., Luciano, Mastro and Skelos, JJ., concur.