[837 NYS2d 247]

Wells Fargo Bank Minnesota, National Association, as Trustee, without Recourse, Appellant, v Joseph Mastropaolo, Respondent.

Second Department, May 29, 2007

APPEARANCES OF COUNSEL

*Fein, Such & Crane, LLP*, Chestnut Ridge (*Samit G. Patel* of counsel), for appellant.

*Howard M. File, P.C.*, Staten Island (*Remy Larson* of counsel), for respondent.

## OPINION OF THE COURT

PRUDENTI, P.J.

The issue presented on this appeal is whether a party's alleged lack of standing to commence the action is a defense that is waived if not raised in an answer or in a pre-answer motion to dismiss the complaint. We hold that lack of standing is such a defense, and that it was waived in this case, where the defendant raised the standing issue for the first time in an attorney's affirmation submitted in opposition to the plaintiff's motion for summary judgment.

In April 2003, the defendant, Joseph Mastropaolo, borrowed the sum of $369,000 from USA Mortgage Bankers of America, Inc. (hereinafter USA), to purchase residential property in Staten Island. The loan was secured by a mortgage on the property. In February 2004, USA assigned the mortgage to Option One Mortgage Corporation (hereinafter Option One). By an assignment of mortgage dated June 20, 2005, Option One assigned the mortgage to the plaintiff, Wells Fargo Bank Minnesota, National Association, as Trustee, without Recourse (hereinafter Wells Fargo).

Meanwhile, the defendant defaulted on his loan payments. By filing a summons and complaint in the Supreme Court, Richmond County, on June 17, 2005, Wells Fargo commenced the instant action to foreclose on the mortgage. In August 2005, the defendant served an answer raising five affirmative defenses, none of which related to lack of standing or lack of capacity to sue.

In September 2005, Wells Fargo moved for, among other things, summary judgment on the complaint and an order referring the matter to a referee to compute the amount due on the note and mortgage and to report on whether the mortgaged premises should be sold in one parcel. In support of its motion,

Wells Fargo submitted copies of the summons and complaint (attached to which were copies of the mortgage, the note, and the assignment of the mortgage to Option One); the defendant's answer; the notice of pendency filed by Wells Fargo in connection with this action; an attorney's affirmation; the assignment of the mortgage to Wells Fargo; a notice of intent to foreclose sent to the defendant by Option One in November 2003; a series of customer account activity statements showing the payments made, and not made, by the defendant on the loan from May 2003 to August 2005; and an affidavit of Joyce Banner, "the Sr. Legal Actions Specialist of [Option One], as Servicing agent for [Wells Fargo]."

In opposition to Wells Fargo's motion, the defendant submitted only a very brief attorney's affirmation, which asserted, for the first time, that the action was commenced on June 17, 2005, but Wells Fargo did not take title to the mortgage by assignment until June 20, 2005. Thus, argued the defendant's attorney, "[i]nsofar as [Wells Fargo] was not the legal titleholder to the mortgage at the time the action was commenced, it had no standing to bring the action." Counsel cited only a prior decision of the Supreme Court, Richmond County, which denied a plaintiff's motion for summary judgment in a foreclosure action in part because there were questions of fact as to whether the plaintiff was the true and lawful owner of the note and mortgage at the time the action was commenced.

In a reply affirmation, counsel for Wells Fargo argued that the defendant had waived the defense of lack of standing by failing to raise it either in his answer or in a pre-answer motion.

In an order dated November 7, 2005, the Supreme Court denied that branch of Wells Fargo's motion which was for summary judgment on the complaint on the ground that it lacked standing to commence the action, since it was not the legal titleholder to the mortgage on the day the action was commenced. For the same reason, although the defendant had made no motion, the court ordered the action "dismissed with prejudice." Wells Fargo appeals.

On appeal, Wells Fargo maintains that the defendant's failure to raise its alleged lack of standing as an affirmative defense in his answer or in a timely motion to dismiss the complaint constituted a waiver of the defense. Under CPLR 3211 (e), any objection or defense based on a ground set forth in paragraph (1), (3), (4), (5), or (6) of CPLR 3211 (a) must be raised in an

answer or in a motion made before the answer is due, or it is waived. The determinative question in this case is whether a defense based on lack of standing is more akin to the defense that the plaintiff "has not legal capacity to sue," as set forth in CPLR 3211 (a) (3), or to the nonwaivable defense that the court lacks subject matter jurisdiction, as set forth in CPLR 3211 (a) (2).

Standing and capacity to sue are related, but distinguishable, legal concepts (*see Silver v Pataki*, 96 NY2d 532, 537 [2001]; *Community Bd. 7 of Borough of Manhattan v Schaffer*, 84 NY2d 148, 154-155 [1994]; *Caprer v Nussbaum*, 36 AD3d 176, 181-182 [2006]; *Security Pac. Natl. Bank v Evans*, 31 AD3d 278, 279 [2006]). Although they are both components of a party's authority to sue (*see Matter of Graziano v County of Albany*, 3 NY3d 475, 479 [2004]), capacity requires an inquiry into the litigant's status, i.e., its "power to appear and bring its grievance before the court" (*Community Bd. 7 of Borough of Manhattan v Schaffer*, *supra* at 155), while standing requires an inquiry into whether the litigant has "an interest in the claim at issue in the lawsuit that the law will recognize as a sufficient predicate for determining the issue at the litigant's request" (*Caprer v Nussbaum*, *supra* at 182). Where standing is put into issue by a defendant's answer, a plaintiff must prove its standing if it is to be entitled to relief (*see TPZ Corp. v Dabbs*, 25 AD3d 787, 789 [2006]; *see also Society of Plastics Indus. v County of Suffolk*, 77 NY2d 761, 769 [1991] [standing "is an aspect of justiciability which, *when challenged*, must be considered at the outset of any litigation" (emphasis added)]). As discussed below, however, a lack of standing is not such a fundamental defect that it cannot be waived. Thus, where a defendant does not challenge a plaintiff's standing, the plaintiff may be relieved of its obligation to prove that it is the proper party to seek the requested relief.

Accordingly, the Court of Appeals and the intermediate appellate courts, including our own, have squarely held that an argument that a plaintiff lacks standing, if not asserted in the defendant's answer or in a pre-answer motion to dismiss the complaint, is waived pursuant to CPLR 3211 (e) (*see Matter of Fossella v Dinkins*, 66 NY2d 162, 167-168 [1985]; *Dougherty v City of Rye*, 63 NY2d 989, 991-992 [1984]; *Matter of Prudco Realty Corp. v Palermo*, 60 NY2d 656, 657 [1983]; *Security Pac. Natl. Bank v Evans*, *supra*; *Matter of Klein v Garfinkle*, 12 AD3d 604 [2004]; *Continental Capital Corp. v Fiore*, 239 AD2d 381

[1997]; *Gilman v Abagnale*, 235 AD2d 989 [1997]; *National Assn. of Ind. Insurers v State of New York*, 207 AD2d 191, 197 [1994], *affd* 89 NY2d 950 [1997]). Implicit in these decisions is a determination that, for purposes of the waiver rule set forth in CPLR 3211 (e), standing and capacity to sue are sufficiently related that they should be afforded identical treatment.

The issue has remained unsettled, however, because other decisions have concluded that a lack of standing is tantamount to a lack of subject matter jurisdiction, and therefore is not waivable (*see Stark v Goldberg*, 297 AD2d 203, 204 [2002]; *Axelrod v New York State Teachers' Retirement Sys.*, 154 AD2d 827, 828 [1989]; *Matter of Eaton Assoc. v Egan*, 142 AD2d 330, 334-335 [1988]). The reasoning underlying such decisions is that where there is no aggrieved party, there is no genuine controversy, and where there is no genuine controversy, there is no subject matter jurisdiction (*see Security Pac. Natl. Bank v Evans, supra* at 284 [Catterson, J., dissenting]). These decisions cannot be reconciled with the Court of Appeals authority cited above. Moreover, they confuse a plaintiff's right to recovery with the court's power to hear the case. A court lacks subject matter jurisdiction when it lacks the competence to adjudicate a particular kind of controversy in the first place. As the Court of Appeals has observed, "[t]he question of subject matter jurisdiction is a question of judicial power: whether the court has the power, conferred by the Constitution or statute, to entertain the case before it" (*Matter of Fry v Village of Tarrytown*, 89 NY2d 714, 718 [1997]). Whether the action is being pursued by the proper party is an issue separate from the subject matter of the action or proceeding, and does not affect the court's power to entertain the case before it.

Even though the frequently invoked term "jurisdictional" has been used occasionally to refer to standing, a plaintiff's lack of standing affects, at most, a court's power to render a judgment on the merits in the plaintiff's favor. In *Lacks v Lacks* (41 NY2d 71 [1976]), the Court of Appeals addressed the issue of whether "the residence requirements in matrimonial actions, often described as jurisdictional, involve a kind of subject matter jurisdiction without which a court is powerless to render a valid judgment" (*id.* at 72). The Court explained that:

> "Jurisdiction is a word of elastic, diverse, and
> disparate meanings. A statement that a court lacks
> 'jurisdiction' to decide a case may, in reality, mean
> that elements of a cause of action are absent.

Similarly, questions of mootness and standing of parties may be characterized as raising questions of subject matter jurisdiction. But these are not the kinds of judicial infirmities to which CPLR 5015 (subd [a], par 4) [providing for relief from a judgment or order] is addressed. That provision is designed to preserve objections so fundamental to the power of adjudication of a court that they survive even a final judgment or order. In *Thrasher v United States Liab. Ins. Co.* (19 NY2d 159, 166), this Court, in discussing subject matter jurisdiction, drew a clear distinction between a court's competence to entertain an action and its power to render a judgment on the merits. Absence of competence to entertain an action deprives the court of 'subject matter jurisdiction'; absence of power to reach the merits does not" (*Lacks v Lacks, supra* at 74-75 [citations omitted]).

The Supreme Court "is a court of general jurisdiction, and it is competent to entertain all causes of action[] unless its jurisdiction has been specifically proscribed" (*Thrasher v United States Liab. Ins. Co., supra* at 166). The Supreme Court indisputably has the power to entertain mortgage foreclosure actions, like this one (*see Security Pac. Natl. Bank v Evans, supra* at 280), and that power remained undisturbed by the timing of the assignment to Wells Fargo of the mortgage in this case. Wells Fargo's alleged lack of standing at the time this action was commenced, like a failure to satisfy residence requirements in a matrimonial action, was not a jurisdictional defect that was "so fundamental to the power of adjudication of a court" (*Lacks v Lacks, supra* at 74), that it could not be waived, could be raised at any time, and warranted dismissal of the action by the court, sua sponte (*see Matter of Fry v Village of Tarrytown, supra*).

Thus, contrary to the defendant's contention, his challenge to Wells Fargo's standing was capable of being waived. Since the defendant did not raise the standing issue in his answer or in a pre-answer motion to dismiss the complaint, Wells Fargo correctly argued that the defendant did, in fact, waive any defense based on a lack of standing, pursuant to CPLR 3211 (e).

In support of its motion for summary judgment, Wells Fargo submitted the relevant mortgage, the underlying note, and evidence of a default, and thereby made a prima facie showing of its entitlement to judgment as a matter of law (*see Marculescu v*

*Ovanez,* 27 AD3d 701 [2006]; *Fleet Natl. Bank v Olasov,* 16 AD3d 374 [2005]). The defendant's responsive submission, consisting solely of his assertion that Wells Fargo lacked standing, failed to raise a triable issue of fact. Thus, Wells Fargo was entitled to summary judgment on the complaint. Accordingly, the Supreme Court should have granted that branch of Wells Fargo's motion which was for summary judgment, and should not have, sua sponte, dismissed the complaint.

For the foregoing reasons, we grant leave to appeal from that portion of the order which, sua sponte, dismissed the complaint with prejudice on the ground that the plaintiff lacked standing to commence the action, reverse the order, and grant that branch of Wells Fargo's motion which was for summary judgment on the complaint.

MASTRO, SANTUCCI and DILLON, JJ., concur.

Ordered that on the court's own motion, so much of the notice of appeal as is from that portion of the order which, sua sponte, dismissed the complaint with prejudice on the ground that the plaintiff lacked standing to commence the action is treated as an application for leave to appeal, and leave to appeal is granted; and it is further, ordered that the order is reversed, on the law, with costs, that branch of the plaintiff's motion which was for summary judgment on the complaint is granted, and the matter is remitted to the Supreme Court, Richmond County, for a determination of the remaining branches of the plaintiff's motion.