■ HSBC BANK, USA, Appellant, v HOWARD DAMMOND, Respondent, et al., Defendants. [875 NYS2d 490]—

In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Westchester County (Loehr, J.), entered January 11, 2008, which granted those branches of the motion of the defendant Howard Dammond which were to vacate the judgment of foreclosure and dismiss the complaint.

Ordered that the order is reversed, on the law, with costs, and those branches of the motion which were to vacate the judgment of foreclosure and dismiss the complaint are denied.

This appeal arises from an attempt to foreclose a mortgage on property located in White Plains, which was owned by the defendant Howard Dammond (hereinafter the respondent). The subject mortgage was originally funded by First Continental Mortgage and Investment Corporation (hereinafter First Continental). By an assignment executed and dated September 7, 2006, the mortgage and underlying note were assigned by Mortgage Electronic Registration Systems, Inc., as nominee for

First Continental, to the plaintiff, HSBC Bank, USA (hereinafter HSBC). The assignment stated, inter alia, that it is "effective on or before June 16, 2006."

After the respondent had failed to make a number of monthly mortgage payments, HSBC commenced this foreclosure action by filing a summons and complaint on July 27, 2006. Although it is undisputed that the respondent was personally served, he did not interpose an answer or timely move to dismiss the complaint, and thereafter HSBC obtained a judgment of foreclosure by default, and the property was scheduled for sale. However, immediately prior to the date scheduled for the sale of the property, the respondent obtained a temporary restraining order in an order to show cause staying the sale. The order to show cause sought, inter alia, to vacate the judgment of foreclosure and dismiss the complaint. In support thereof the respondent argued, inter alia, that at the time the action was commenced, HSBC did not have standing since the assignment of the mortgage to HSBC post-dated the commencement of its foreclosure action. The court granted those branches of the respondent's motion which were to vacate the judgment of foreclosure and dismiss the complaint. We reverse.

The respondent waived any argument that HSBC lacked standing to commence the foreclosure action. Having failed to interpose an answer or file a timely pre-answer motion which asserted the defense of standing, the respondent waived such defense pursuant to CPLR 3211 (e) (see Wells Fargo Bank Minn., N.A. v Mastropaolo, 42 AD3d 239 [2007]). In addition, since the respondent failed to demonstrate any other meritorious defense to the foreclosure action, and did not demonstrate a reasonable excuse for his failure to answer, it was error for the Supreme Court to grant those branches of the respondent's motion which were to vacate the judgment of foreclosure and dismiss the complaint (see CPLR 5015 [a] [1]; Matter of Macias v Motor Veh. Acc. Indem. Corp., 10 AD3d 396 [2004]). Spolzino, J.P., Santucci, Balkin and Chambers, JJ., concur.