■ COUNTRYWIDE HOME LOANS, INC., Appellant-Respondent, v ANNE M. DELPHONSE et al., Respondents-Appellants, et al., Defendants. [883 NYS2d 135]—

In an action to foreclose a mortgage on real property, the plaintiff appeals, as limited by its notice of appeal and brief, from so much of an order of the Supreme Court, Queens County (Taylor, J.), dated February 25, 2008, as denied those branches of its motion which were, in effect, for summary judgment on the complaint and dismissing the counterclaims of the defendants Anne M. Delphonse and Andre F. Delphonse, and to refer the matter to a referee for a computation of the amount due and owing to the plaintiff, and the defendants Anne M. Delphonse and Andre F. Delphonse cross-appeal, as limited by their brief, from so much of the same order as denied that branch of their cross motion which was, in effect, to dismiss the complaint pursuant to CPLR 3211 (a) (3) for lack of standing.

Ordered that the order is reversed insofar as appealed from, on the law, and those branches of the plaintiff's motion which were, in effect, for summary judgment on the complaint and dismissing the counterclaims of the defendants Anne M. Delphonse and Andre F. Delphonse, and to refer the matter to a referee for a computation of the amount due and owing to the plaintiff, are granted; and it is further,

Ordered that the order is affirmed insofar as cross-appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff, payable by the defendants Anne M. Delphonse and Andre F. Delphonse.

The defendants Anne M. Delphonse and Andre F. Delphonse (hereinafter together the Delphonses) waived the defense of lack of standing (*see* CPLR 3211 [a] [3]) by failing to either make a pre-answer motion to dismiss the complaint on that ground or by asserting that defense in their answer (*see* CPLR 3211 [e]; *HSBC Bank, USA v Dammond,* 59 AD3d 679, 680 [2009]; *Wells Fargo Bank Minn., N.A. v Mastropaolo,* 42 AD3d 239, 241-243 [2007]). Accordingly, the Supreme Court properly denied that branch of the Delphonses' cross motion which was, in effect, to dismiss the complaint pursuant to CPLR 3211 (a) (3) for lack of standing.

On its motion for summary judgment, the plaintiff established its prima facie entitlement to judgment as a matter of law by submitting the mortgage, the underlying note, and evidence of a default (*see Wells Fargo Bank Minn., N.A. v Mastropaolo,* 42 AD3d at 244-245; *Marculescu v Ovanez,* 27 AD3d 701 [2006]; *RCR Servs. v Herbil Holding Co.,* 229 AD2d 379 [1996]). In opposition, the Delphonses failed to raise a triable issue of fact (*see Zuckerman v City of New York,* 49 NY2d 557 [1980]; *US Bank Natl. Assn. TR U/S 6/01/98 [Home Equity Loan Trust*

*1998-2] v Alvarez*, 49 AD3d 711 [2008]). Since the Delphonses waived the defense of lack of standing, the Supreme Court incorrectly determined that a triable issue of fact existed as to whether the plaintiff had standing to commence the instant action. Accordingly, the Supreme Court should have granted those branches of the plaintiff's motion which were, in effect, for summary judgment on the complaint and dismissing the counterclaims of the defendants Anne M. Delphonse and Andre F. Delphonse, and to refer the matter to a referee for a computation of the amount due and owing to the plaintiff. Fisher, J.P., Florio, Covello and Dickerson, JJ., concur.