■ WELLS FARGO BANK MINNESOTA, NATIONAL ASSOCIATION, Respondent, v BERNICE PEREZ, Appellant. [894 NYS2d 509]—

In an action to foreclose a mortgage, the defendant appeals from a judgment of foreclosure and sale of the Supreme Court, Westchester County (Bellantoni, J.), dated September 24, 2008, which, inter alia, directed the sale of the subject premises.

Ordered that the judgment is affirmed, with costs.

The plaintiff was awarded summary judgment in this action to foreclose a mortgage held on property owned by the defendant and located in Mount Vernon, Westchester County. This Court affirmed the order awarding summary judgment (*see Wells Fargo Bank Minn., N.A. v Perez*, 41 AD3d 590 [2007]). Thereafter, the plaintiff moved for a judgment of foreclosure and sale. The defendant opposed the motion. The Supreme Court entered a judgment of foreclosure and sale dated September 24, 2008.

"As a general rule, the law of the case doctrine precludes this Court from re-examining an issue which has been raised and decided against a party on a prior appeal where that party had a full and fair opportunity to address the issue" (*Frankson v Brown & Williamson Tobacco Corp.*, 67 AD3d 213, 217 [2009]; *see Allison v Allison*, 60 AD3d 711, 711 [2009]). The doctrine forecloses re-examination of an issue " 'absent a showing of subsequent evidence or change of law' " (*J-Mar Serv. Ctr., Inc. v Mahoney, Connor & Hussey*, 45 AD3d 809, 809 [2007], quoting *Matter of Yeampierre v Gutman*, 57 AD2d 898, 899 [1977]). Here, the defendant had a full and fair opportunity to address the issues decided against her on the prior appeal. Moreover, she provides no basis for re-examining those issues.

The defendant waived her claims that the plaintiff lacked standing to bring the instant foreclosure action and that she

was not properly served in the action by failing to raise those claims in her answer or in a pre-answer motion to dismiss (*see Countrywide Home Loans, Inc. v Delphonse*, 64 AD3d 624, 625 [2009]; *HSBC Bank, USA v Dammond*, 59 AD3d 679, 680 [2009]; *Wells Fargo Bank Minn., N.A. v Mastropaolo*, 42 AD3d 239, 241-243 [2007]; *see also* CPLR 3211 [e]; *Matter of Parkside Ltd. Liab. Co.*, 294 AD2d 582, 583 [2002]; *Hatch v Tu Thi Tran*, 170 AD2d 649, 650 [1991]).

The defendant's remaining contentions are either without merit or not properly before this Court. Rivera, J.P., Miller, Leventhal and Chambers, JJ., concur.