■ SAM FERRI, Respondent-Appellant, v DONNA FERRI, Appellant-Respondent, et al., Defendants. [896 NYS2d 890]—

In an action to foreclose a mortgage, the defendant Donna Ferri appeals, as limited by her brief, from so much of an order of the Supreme Court, Westchester County (Nicolai, J.), entered March 31, 2009, as granted the plaintiff's motion for summary judgment on the complaint, and denied that branch of her cross motion which was for summary judgment declaring that the mortgage is a nullity, and the plaintiff cross-appeals from stated portions of the order.

Ordered that the cross appeal by the plaintiff is dismissed as abandoned; and it is further,

Ordered that the order is modified, on the law, by deleting the provision thereof granting the plaintiff's motion for summary judgment on the complaint and substituting therefor a provision denying the motion; as so modified, the order is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendant.

On his motion for summary judgment on the complaint, the plaintiff established his prima facie entitlement to judgment as a matter of law by submitting the mortgage, the underlying note, and evidence of a default (*see Countrywide Home Loans, Inc. v Delphonse*, 64 AD3d 624, 625 [2009]; *Wells Fargo Bank Minn., N.A. v Mastropaolo*, 42 AD3d 239, 244-245 [2007]; *Marculescu v Ovanez*, 27 AD3d 701 [2006]; *RCR Servs. v Herbil Holding Co.*, 229 AD2d 379 [1996]). However, in opposition to the motion, the defendant Donna Ferri (hereinafter the appellant) submitted evidence raising a triable issue of fact as to the validity of the mortgage, in particular, evidence of lack of consideration for that mortgage (*see Rose v Levine*, 52 AD3d 800, 801 [2008]; *see also Cadle Co. II, Inc. v McLean*, 42 AD3d 509, 511 [2007]). Accordingly, the Supreme Court should have denied the plaintiff's motion for summary judgment on the complaint.

The Supreme Court properly determined that the doctrine of

collateral estoppel, based on certain provisions of a judgment of divorce between the appellant and the defendant Anthony Ferri, did not bar the plaintiff from bringing this foreclosure action (*see Pouncy v Dudley*, 27 AD3d 633, 634 [2006]; *see also Community Natl. Bank & Trust Co. of N.Y. v Wisan*, 185 AD2d 870, 871 [1992]). Consequently, the Supreme Court did not err in denying that branch of the appellant's cross motion which was for summary judgment declaring that the mortgage is a nullity based on that divorce judgment.

The appellant waived the defense of the statute of limitations, as that defense was raised neither in her answer nor in a pre-answer motion to dismiss the complaint (*see* CPLR 3211 [e]).

The cross appeal must be dismissed as abandoned, as the plaintiff does not seek in his brief reversal or modification of any portion of the order (*see Sirma v Beach*, 59 AD3d 611, 614 [2009]; *Bibas v Bibas*, 58 AD3d 586, 587 [2009]). Rivera, J.P., Angiolillo, Dickerson and Roman, JJ., concur.