■ ROSSROCK FUND II, L.P., Respondent, v COMMACK INVESTOR GROUP, INC., Appellant, et al., Defendants. [912 NYS2d 71]—

In an action to foreclose a mortgage, the defendant Commack Investor Group, Inc., appeals from (1) an order of the Supreme

Court, Kings County (Hurkin-Torres, J.), dated November 16, 2009, which granted the plaintiff's motion to confirm the referee's report computing the amount due to the plaintiff and for a judgment of foreclosure and sale, and (2) a judgment of the same court entered January 21, 2010, which confirmed the referee's report and is in favor of the plaintiff and against the defendants directing the foreclosure and sale of the subject property.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see *Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review on the appeal from the judgment (see CPLR 5501 [a] [1]).

By order dated January 6, 2009, the Supreme Court, inter alia, granted the plaintiff's motion for summary judgment on the complaint, and by order dated April 24, 2009, the Supreme Court denied the motion of the defendant Commack Investor Group, Inc. (hereinafter Commack), to vacate the order dated January 6, 2009.

The plaintiff, Rossrock Fund II, LP (hereinafter Rossrock), established its prima facie entitlement to judgment as a matter of law by submitting the relevant mortgage, the underlying note, and evidence of a default (see *Emigrant Mtge. Co., Inc. v Turk*, 71 AD3d 721 [2010]; *Petra CRE CDO 2007-1, Ltd. v 160 Jamaica Owners, LLC*, 73 AD3d 883, 884 [2010]). In opposition, Commack failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted Rossrock's motion for summary judgment on the complaint.

Commack failed to meet its burden of establishing the existence of fraud, misrepresentation, or misconduct on the part of Rossrock sufficient to entitle it to vacatur of the order granting the plaintiff's motion for summary judgment (see CPLR 5015 [a] [3]; *Sicurelli v Sicurelli*, 73 AD3d 735 [2010]). Commack waived its claim that Rossrock lacked standing to bring the instant foreclosure action by failing to make a pre-answer motion to dismiss the complaint on that ground or by asserting that defense in their answer (see CPLR 3211 [e]; *Wells Fargo Bank Minn., N.A. v Perez*, 70 AD3d 817, 817-818 [2010]; *Countrywide Home Loans, Inc. v Delphonse*, 64 AD3d 624, 625 [2009];

*HSBC Bank, USA v Dammond*, 59 AD3d 679, 680 [2009]). Fisher, J.P., Florio, Leventhal and Hall, JJ., concur.