GARRISON SPECIAL OPPORTUNITIES FUND, L.P., Respondent, v ARTHUR KILL HILLSIDE DEVELOPMENT, LLC, et al., Appellants, et al., Defendants. [918 NYS2d 894]—

The plaintiff commenced this action against, among others, the defendants Arthur Kill Hillside Development, LLC, LP Arthur Kill Development, LLC, and LP Hillside Arthur Kill Development, LLC (hereinafter collectively the borrowers), to foreclose a commercial mortgage and for related relief. The plaintiff subsequently moved for summary judgment on the complaint insofar as asserted against the borrowers and Yehuda Leib Puretz, the managing member of all three borrowers and guarantor of a mortgage loan made by the plaintiff to the borrowers (hereinafter collectively the appellants). The Supreme Court granted the plaintiff's motion.

"The plaintiff met its initial burden of establishing its entitlement to judgment as a matter of law by producing the mortgage, the unpaid note, and documentation evidencing the [borrowers'] default in [their] payment obligations" (*US Bank N.A. v Eaddy*, 79 AD3d 1022, 1022 [2010]; *see Wells Fargo Bank Minn., N.A. v Perez*, 41 AD3d 590, 590 [2007]; *Wolf v Citibank, N.A.*, 34 AD3d 574, 575 [2006]). In opposition, the appellants failed to raise a triable issue of fact (*see US Bank N.A. v Eaddy*, 79 AD3d at 1022; *Citibank, N.A. v Herrera*, 64 AD3d 536, 536 [2009]; *Wells Fargo Bank Minn., N.A. v Mastropaolo*, 42 AD3d 239, 242 [2007]). Accordingly, the Supreme Court properly granted that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against the appellants.

We note that, to the extent that the appellants argue that the Supreme Court improperly awarded the plaintiff summary judgment on the complaint insofar as asserted against the defendants YLPF Trust and Richmond Mountainside Property, LLC, the order appealed from granted no such relief.

The appellants' remaining contentions are either improperly raised for the first time on appeal or without merit. Angiolillo, J.P., Florio, Leventhal and Miller, JJ., concur.