■ JP Morgan Chase Bank, N.A., Respondent, v Strands Hair Studio, LLC, Defendant, and Sharon A. Payne, Defendant/Third-Party Plaintiff-Respondent. Stephanie Orr, Third-Party Defendant-Appellant. [923 NYS2d 670]—

In an action to recover on a loan agreement and personal guarantee, the third-party defendant appeals from an order of the Supreme Court, Nassau County (Palmieri, J.), entered December 21, 2009, which denied her motion, inter alia, for summary judgment dismissing the complaint and the third-party complaint.

Ordered that the order is affirmed, with one bill of costs.

Contrary to the third-party defendant's contention, the Supreme Court properly denied that branch of her motion which was for summary judgment dismissing the main complaint on the ground that the plaintiff lacked standing. Although a third-party defendant has the right to assert against the plaintiff "any defenses which the third-party plaintiff has to the plaintiff's claim" (CPLR 1008), here, the third-party defendant failed to raise the issue of the plaintiff's standing in a pre-answer motion to dismiss or as an affirmative defense in her answer. Thus, she waived her right to raise the argument at all subsequent phases of the litigation pursuant to CPLR 3211 (e) (*see Wells Fargo Bank Minn., N.A. v Perez*, 70 AD3d 817, 817-818 [2010], *cert denied* 562 US —, 131 S Ct 648 [2010]; *Countrywide Home Loans, Inc. v Delphonse*, 64 AD3d 624, 625 [2009]; *HSBC Bank, USA v Dammond*, 59 AD3d 679, 680 [2009]; *Wells Fargo Bank Minn., N.A. v Mastropaolo*, 42 AD3d 239, 241-243 [2007]; *Gilman v Abagnale*, 235 AD2d 989, 990 [1997]).

The Supreme Court also properly denied that branch of the third-party defendant's motion which was for summary judg-

ment dismissing the main complaint on the ground that the plaintiff's service upon the defendant Strands Hair Studio, LLC (hereinafter the LLC) did not comport with Business Corporation Law § 306 (b) (1). Even assuming that the third-party defendant did not waive this objection by failing to raise it in her answer or in a pre-answer motion to dismiss (see CPLR 3211 [e]), the court's personal jurisdiction over the LLC is not a "defense[ ] which the third-party plaintiff has to the plaintiff's claim," and, accordingly, it is not a defense the third-party defendant is entitled to raise here pursuant to CPLR 1008.

The Supreme Court also properly denied that branch of the third-party defendant's motion which was for summary judgment dismissing the third-party complaint. Contrary to the third-party defendant's contention, the third-party plaintiff's claims against her may be asserted pursuant to CPLR 1007. CPLR 1007 "should not be read as allowing recovery solely for claims sounding in strict indemnity" (George Cohen Agency v Donald S. Perlman Agency, 51 NY2d 358, 365 [1980]). The statute "places no limit . . . upon the legal theories which may be asserted as a basis for the claim" (id. at 365), and "[t]he third-party complaint may be based on a theory of liability different from and independent of the cause of action pleaded against the primary defendant" (Zurich Ins. Co. v White, 129 AD3d 388, 390 [1987], citing Garrett v Holiday Inns, 58 NY2d 253, 262-263 [1983]).

The third-party defendant's remaining contentions are without merit. Rivera, J.P., Dickerson, Hall and Cohen, JJ., concur. **[Prior Case History: 2009 NY Slip Op 33136(U).]**