— In an action to foreclose a mortgage, the defendants Knollwood Properties II, LLC, and John P Pollis II appeal from a judgment of foreclosure and sale of the Supreme Court, Dutchess County (Pagones, J.), dated January 19, 2011, which, upon, inter alia, an order of the same court dated July 27, 2010, granting that branch of the plaintiffs motion which was for summary judgment on its cause of action for foreclosure, among other things, confirmed a referee’s report and directed the sale of the subject property.
Ordered that the judgment is affirmed, with costs.
“The plaintiff met its initial burden of establishing its entitlement to judgment as a matter of law by producing the mortgage, the unpaid note, and documentation evidencing the appellants’] default in [their] payment obligations” (US Bank N.A. v Eaddy, 79 AD3d 1022, 1022 [2010]; see Ferri v Ferri, 71 AD3d 949 *708 [2010]; Countrywide Home Loans, Inc. v Delphonse, 64 AD3d 624, 625 [2009]; Wells Fargo Bank Minn., N.A. v Mastropaolo, 42 AD3d 239, 241-242 [2007]). In opposition, the appellants failed to raise a triable issue of fact. The appellants waived any defense based on the plaintiffs alleged lack of standing because they failed to assert that defense in their answer or to file a timely pre-answer motion raising that defense (see US Bank N.A. v Eaddy, 79 AD3d 1022 [2010]; Wells Fargo Bank Minn., N.A. v Mastropaolo, 42 AD3d at 242).
Contrary to the appellants’ contention, under the circumstances of this case, the referee was not required to conduct a hearing prior to the issuance of her report to the Supreme Court (see LBV Props. v Greenport Dev. Co., 188 AD2d 588 [1992]).
The appellants’ remaining contentions are without merit. Florio, J.P., Balkin, Hall and Miller, JJ., concur.