OPINION OF THE COURT
Robert J. McDonald, J.
This foreclosure action pertains to the property located at 117-30 144th Street, Jamaica, New York 11436. Based upon the record before this court, the defendants, Frank Bremner and Gloria Bremner, entered into a note and mortgage with Flagstar Bank, FSB, on October 30, 2007 in the principal amount of $396,000. Thereafter the mortgage was assigned to plaintiff by way of an assignment dated January 17, 2011 and recorded on February 7, 2011. The plaintiff asserts that defendants defaulted on the mortgage when they failed to make their monthly mortgage payments beginning April 1, 2010.
Pursuant to the terms of the mortgage, a demand letter and notice to cure was sent to defendants on May 17, 2010. A 90-day pre-foreclosure notice was also sent to the defendants on May 17, 2010. The plaintiff subsequently accelerated the defendants’ mortgage and brought an action to foreclose by filing a lis pendens and summons and complaint on January 26, 2011. The plaintiff submits affidavits of service on all of the named defendants. Defendants Frank Bremner and Gloria Bremner were served with a copy of the summons and complaint and all necessary RPAPL notices, pursuant to CPLR 308, at their residence on February 3, 2011. None of the defendants answered the summons and complaint and they are in default.
The defendants appeared at a residential foreclosure conference on December 11, 2013 before Referee Evans and on May 8, 2014 before Referee Maria Bradley. Referee Evans stated that the defendants intend, to pursue a short sale and there was no loan modification activity and referred the matter for an order of reference. On May 8, 2014, at a further conference the plaintiff was again directed to file a motion seeking an order of reference.
*905 In support of the motion for summary judgment, the plaintiff submits the affirmation of counsel, Miranda L. Sharlette, Esq.; the affidavit of Jessica Mitchell, an officer employed by Nation-star Mortgage LLC; a copy of the note and mortgage; copies of the affidavits of service on all the defendants; a copy of the pleadings; a copy of the assignment of the mortgage and note; 90-day notice of intent to foreclose; copy of the RPAPL 1304 notices sent to the defendants with the summons and complaint; and a copy of the attorney affidavit pursuant to the administrative order of the Chief Administrative Judge, executed by Miranda Sharlette, Esq.
In her affidavit, Jessica Lee Mitchell, employed as an assistant secretary by Nationstar Mortgage LLC, states that based upon her personal knowledge and her personal review of the bank’s business records, plaintiff Nationstar received the original promissory note which has been duly indorsed in blank and was in possession of the note at the time the action was commenced. She confirms that the plaintiff was in possession of the promissory note prior to the commencement of the action and that Nationstar is the assignee of the security instrument for the subject loan. The record contains copies of the indorsed note, mortgage, and assignment of mortgage. She states that there is in fact a default under the terms and conditions of the promissory note and mortgage because the April 1, 2010 mortgage payment and subsequent payments were not timely made by the defendants. She states that she has reviewed the 90-day pre-foreclosure notice which was sent to the defendants by certified mail and also by first-class mail to the last known address of the borrowers. In addition, a notice of default was mailed to the mortgagors at the last known address and the default was not cured.
Plaintiff now seeks an order granting summary judgment. Plaintiff contends, based upon the evidence submitted, that it has made a prima facie showing that it is entitled to summary judgment. Plaintiff asserts that the defendants were all lawfully served with a summons and complaint and that the court, therefore, has personal jurisdiction. Plaintiff asserts that it has established, prima facie, entitlement to summary judgment based upon its submission of the note, the mortgage, the notice of default, and the affidavit of Ms. Mitchell evidencing the defendants’ failure to make the contractually required loan payments. Counsel also asserts that all of the defendants are in default having failed to serve an answer to the summons and *906 complaint and no triable issues of fact or affirmative defenses have been raised by the defendants.
The defendants oppose the motion on the ground that the defendants would like to sell the property at a short sale and the plaintiff has refused all reasonable offers of a short sale. Defendants request that the matter be referred back to the Residential Foreclosure Conference Part in order to attempt to reach a settlement in the matter on the ground that the plaintiff has not negotiated in good faith pursuant to CPLR 3408 in that it has not agreed to a short sale. In support of the opposition, the defendant Frank Bremner submits an affidavit stating that the bank would not entertain a reasonable offer for a short sale.
In reply, plaintiff asserts that neither defendant Frank Bremner nor Gloria Bremner served an answer to the complaint denying any allegations in the complaint including that it had standing to commence the action. As such plaintiff asserts that the defendants are in default and waived their right to contest the issue of standing (see HSBC Bank, USA v Dammond, 59 AD3d 679 [2d Dept 2009]; U.S. Bank N.A. v Denaro, 98 AD3d 964 [2d Dept 2012]; CitiMortgage, Inc. v Rosenthal, 88 AD3d 759 [2d Dept 2011]). Further the plaintiff asserts that despite the defendants’ allegation that they would like to pursue a short sale, the defendants have not provided a copy of a completed short sale application, a copy of a listing, or evidence that the plaintiff has failed to agree to a potential short sale. Thus plaintiff asserts that the defendants have not provided any evidence that they are pursuing a short sale and that the possibility of a short sale is merely speculative.
It is well settled that a plaintiff in a mortgage foreclosure action establishes a prima facie case of entitlement to summary judgment through submission of proof of the existence of the underlying note, mortgage and default in payment after due demand (see Witelson v Jamaica Estates Holding Corp. I, 40 AD3d 284 [1st Dept 2007]; Marculescu v Ovanez, 27 AD3d 701 [2d Dept 2006]; U.S. Bank Trust N.A. Trustee v Butti, 16 AD3d 408 [2d Dept 2005]; Layden v Boccio, 253 AD2d 540 [2d Dept 1998]; State of New York Mtge. Agency v Lang, 250 AD2d 595 [2d Dept 1998]). Upon such a showing, the burden shifts to the defendant to produce evidence in admissible form sufficient to raise a material issue of fact requiring a trial.
This court finds that the plaintiff’s submissions are sufficient to establish its entitlement to a default judgment against defendant mortgagors, Frank Bremner and Gloria Bremner.
*907 In addition, the defendants waived any argument that plaintiff lacked standing to commence the foreclosure action by failing to interpose an answer or file a timely pre-answer motion which asserted the defense of standing (see CPLR 3211 [e]; Countrywide Home Loans Servicing, LP v Albert, 78 AD3d 983 [2d Dept 2010]; Deutsche Bank Natl. Trust Co. v Hussain, 78 AD3d 989 [2d Dept 2010]; HSBC Bank, USA v Dammond, 59 AD3d 679 [2d Dept 2009]). The defense of lack of standing is waivable as it affects only a court’s power to render a judgment on the merits for the plaintiff and does not implicate the court’s jurisdiction or competence to entertain an action (see Wells Fargo Bank Minn., N.A. v Mastropaolo, 42 AD3d 239, 242-243 [2d Dept 2007]).
Plaintiff has submitted a copy of the mortgage, note, and affidavit from Ms. Mitchell establishing defendants’ default in payment. The plaintiff demonstrated proper service of the summons and complaint and showed by admissible evidence that it had standing to commence the action as it had properly been assigned the defendants’ prior mortgage from Flagstar Bank and had properly been in physical possession of the note as of the date of the commencement of the action. Thus the plaintiff demonstrated that it had standing to commence the action.
Further, the defendants participated in residential foreclosure conferences and have failed to provide sufficient evidence that the property is listed for sale, that they have received any offers for a short sale, that they are actively pursuing a short sale, or that the bank has unreasonably denied any offer for a short sale. As such the defendants have failed to show that the plaintiff has not negotiated in good faith or that there is a need for a further residential foreclosure conference.
Accordingly, for all of the above stated reasons, the instant motion for a default judgment against the defendants who have not answered or appeared herein including Frank Bremner and Gloria Bremner is granted. The submissions reflect that plaintiff is entitled to amend the caption to delete the “John Doe” defendants and substitute the name of Diane Dixon as a party defendant. Plaintiffs further application for the appointment of a referee to compute the amounts due under the subject mortgage is granted.