Wells Fargo Bank, N.A. v Graffioli (2018 NY Slip Op 08711)





Wells Fargo Bank, N.A. v Graffioli


2018 NY Slip Op 08711


Decided on December 19, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 19, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
CHERYL E. CHAMBERS
LEONARD B. AUSTIN
JEFFREY A. COHEN, JJ.


2018-00820
 (Index No. 8837/14)

[*1]Wells Fargo Bank, N.A., respondent,
v
Dominga Graffioli, et al., appellants, et al., defendants.


David A. Bythewood, Mineola, NY, for appellants.
Eckert Seamans & Mellott, LLC, White Plains, NY (Phionah N. Brown of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Dominga Graffioli and Victor R. Gonzalez appeal from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered November 16, 2017. The order and judgment of foreclosure and sale, upon an order of the same court entered December 11, 2015, inter alia, granting the plaintiff's motion for summary judgment on the complaint insofar as asserted against those defendants and for an order of reference, among other things, granted the plaintiff's motion, inter alia, for a judgment of foreclosure and sale, denied those defendants' cross motion pursuant to CPLR 5015(a)(3) to vacate the order entered December 11, 2015, and directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is affirmed, with costs.
On November 28, 2005, the defendants Dominga Graffioli and Victor Gonzalez (hereinafter together the defendants) executed a promissory note in the amount of $350,000 in favor of the plaintiff's predecessor-in-interest, First Franklin, A Division of National City Bank of Indiana, which was secured by a mortgage on real property located in Long Beach. In October 2009, the defendants and the plaintiff entered into an agreement (hereinafter the modification agreement) to modify certain terms and conditions of the underlying promissory note and mortgage. After making several monthly payments pursuant to the modification agreement, the defendants defaulted beginning in April 2010.
In September 2014, the plaintiff commenced this action to foreclose the mortgage against, among others, the defendants. The defendants served an answer in which they asserted, inter alia, the affirmative defense that the plaintiff lacked standing. In August 2015, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference. The defendants cross-moved for summary judgment dismissing the complaint insofar as asserted against them. In orders entered December 10, 2015, and December 11, 2015, the Supreme Court granted the plaintiff's motion, denied the defendants' cross motion, and appointed a referee. These orders are brought up for review on [*2]this appeal from an order and judgment of foreclosure and sale entered November 16, 2017 (see Wells Fargo Bank, N.A. v Graffioli, ___ AD3d ___ [Appellate Division Docket Nos. 2016-02367, 2016-02368; decided herewith]).
Generally, in the context of a motion for summary judgment in an action to foreclose a mortgage, " a plaintiff establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of default'" (Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d 683, 684, quoting Plaza Equities, LLC v Lamberti, 118 AD3d 688, 689). However, where a defendant places standing in issue, the plaintiff must also prove its standing in order to be entitled to relief (see Deutsche Bank Trust Co. Ams. v Garrison, 147 AD3d 725, 726; Wells Fargo Bank, N.A. v Arias, 121 AD3d 973, 973-974).
Here, the plaintiff established that the modification agreement created a direct contractual relationship between the plaintiff and the defendants relating specifically to the subject promissory note and mortgage. By entering into the modification agreement and making monthly installment payments thereunder, the defendants expressly acknowledged the plaintiff's status as the holder of the subject note as of October 2009—well before the commencement of this action. Therefore, contrary to the defendants' contention, the plaintiff established its standing to maintain this action (cf. Wells Fargo Bank, N.A. v Walker, 141 AD3d 986, 988-989; IRB-Brasil Resseguros S.A. v Portobello Intl. Ltd., 84 AD3d 637, 637; Wilmington Trust Co. V Hurtado, 48 Misc 3d 1201[A] [Sup Ct, Suffolk County]). Moreover, by producing the mortgage, the unpaid note, and evidence of the defendants' default, the plaintiff established its prima facie entitlement to judgment as a matter of law (see Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d at 684). In opposition, the defendants failed to raise a triable issue of fact.
The defendants failed to establish their prima facie entitlement to summary judgment dismissing the complaint insofar as asserted against them.
Accordingly, we agree with the Supreme Court's determination granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference, and denying the defendants' cross motion for summary judgment dismissing the complaint insofar as asserted against them.
Thereafter, in June 2017, the plaintiff moved, inter alia, for a judgment of foreclosure and sale. The defendants opposed the motion and cross-moved pursuant to CPLR 5015(a)(3) to vacate the order entered December 11, 2015. The defendants argued, among other things, that the plaintiff committed fraud and made misrepresentations in that the assignments of the mortgage, the limited power of attorney between the plaintiff and its servicer, and the note's allonge were all invalid. In the order and judgment of foreclosure and sale appealed from, the court, inter alia, granted the plaintiff's motion and denied the defendants' cross motion.
The defendants failed to move for relief pursuant to CPLR 5015(a)(3) within a reasonable time. The long delay of almost two years, despite their awareness of all the relevant facts surrounding the alleged fraud and misrepresentation, was unreasonable (see Nationstar Mtge., LLC v Turcotte, 161 AD3d 1090, 1091; New Century Mtge. Corp. v Chimmiri, 146 AD3d 893, 894; Bank of N.Y. v Stradford, 55 AD3d 765, 765).
In any event, the defendants failed show that the plaintiff engaged in any fraud or misconduct that would warrant vacatur of the order entered December 11, 2015 (see Nationstar Mtge., LLC v Turcotte, 161 AD3d 1090, 1092; Rossrock Fund II, L.P. v Commack Inv. Group, Inc., 78 AD3d 920, 921).
Accordingly, we agree with the Supreme Court's determination granting the plaintiff's motion, inter alia, for a judgment of foreclosure and sale, and denying the defendants' cross motion pursuant to CPLR 5015(a)(3) to vacate the order entered December 11, 2015.
LEVENTHAL, J.P., CHAMBERS, AUSTIN and COHEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court