■ TRIPLE M. ROOFING CORP., Respondent, v. 'GREATER JERICHO CORP., Appellant.— In an action to foreclose two mechanic's liens, defendant appeals, as limited by its brief, from a judgment of the Supreme Court, Nassau County, dated January 26, 1972, which, after a nonjury trial, *inter alia* (a) granted a money judgment to plaintiff on its first cause of action, (b) granted plaintiff foreclosure of the mechanic's lien involved in the second cause of action, (c) dismissed defendant's " counterclaims and offsets", except for $1,800, and " deemed " the $1,800 an offset, " calculated in arriving at " the amounts awarded to plaintiff. Judgment modified, on the law, by (1) striking therefrom the decretal paragraphs numbered " 1 " to " 8 ", inclusive, and substituting therefor a provision dismissing the complaint and (2) striking from the ninth decretal paragraph thereof all the words after the provision that the counterclaims and offsets are dismissed. As so modified, judgment affirmed, without costs. Plaintiff contracted to roof two buildings being constructed by defendant. Defendant terminated the contract as breached, because of plaintiff's alleged failure to timely complete the work. Thereafter, defendant engaged another roofer to complete the roofing and, when plaintiff brought this suit, counterclaimed for the cost of completion and consequential damage. The evidence supports the finding of the trial court that plaintiff inexcusably failed to complete the roofs in accordance with the terms of the contract, leaving 15% of the work uncompleted on building No. 1 and 30% uncompleted on building No. 2. In our opinion, however, the trial court erred in granting judgment to plaintiff on a *quantum meruit* theory under these circumstances. The evidence failed to establish substantial performance of the contract upon the part of plaintiff (see viz., *Fox* v. *Davidson,* 36 App. Div. 159, where the failure to complete only 5% of the total work did not constitute substantial performance). Where that is the case, the law is well settled that the party who inexcusably defaults may not recover in *quantum meruit* though the defendant has received some benefit (*Smith* v. *Brady,* 17 N. Y. 173, 188–189; *Mayville* v. *Donaghue,* 193 Misc. 11). Plaintiff claims that the rule of *Smith* v. *Brady* (*supra*) does not apply to this case, by reason of a clause in the contract which states in relevant part: " 11.10. The Subcontractor agrees that if he should neglect to prosecute the work diligently and properly or fail to perform any provisions of this Subcontract, the Contractor, after three days written notice to the Subcontractor, may, without prejudice to any other remedy he may have, make good such deficiencies and may deduct the cost thereof from the payments then or thereafter due the Subcontractor". In our opinion this clause does not run to the benefit of the defaulting subcontractor. It specifically states that the right to complete the work and to deduct the cost of completion from the payments then owing is "without prejudice to any other remedy he [the contractor] may have." It is couched in precatory, not mandatory, language. Here, defendant elected to terminate the contract because of plaintiff's breach and, having done so, plaintiff lost all right to recover, in the absence of a showing of substantial performance. Finally, we note that the dismissal of plaintiff's complaint requires the dismissal of defendant's setoff. Since defendant is entitled to retain the benefits of plaintiff's partial performance without paying for it, defendant has suffered no damage. Hopkins, Acting P. J., Munder, Martuscello, Shapiro and Brennan, JJ., concur.