■ SEAR-BROWN ASSOCIATES, P. C., Respondent, v BLACKWATCH DEVELOPMENT CORP. et al., Appellants.—Judgment unanimously reversed, on the law and facts, with costs, and complaint dismissed. Memorandum: It was error to award judgment to plaintiff on its action for breach of contract on the theory of substantial performance. In order to recover for substantial performance, the plaintiff must establish that its failure to perform was inadvertent or unintentional and that the defects were insubstantial (*see, Jacob & Youngs v Kent,* 230 NY 239; *American Std. v Schectman,* 80 AD2d 318, *lv denied* 54 NY2d 604; *Triple M. Roofing Corp. v Greater Jericho Corp.,* 43 AD2d 594). Plaintiff's failure to perform the remaining items of the contract was intentional and the work which remained to be done was significant. The fact that plaintiff allocated $800 or 13% of the contract price for the remaining work indicates that it was not insubstantial (*see, e.g., Hollister v Mott,* 132 NY 18; *Triple M. Roofing Corp. v Greater Jericho Corp., supra; Fox v Davidson,* 36 App Div 159). (Appeal from judgment of Supreme Court, Monroe County, Bergin, J.—contract.) Present—Dillon, P. J., Hancock, Jr., Doerr, Denman and O'Donnell, JJ.

■ STATE DIVISION OF HUMAN RIGHTS, on Complaint of GERTRUDE ELLIOTT, Petitioner, v ALEXANDER AND ALEXANDER OF NEW YORK, INC., Respondent. (Proceeding No. 1.)—Determination unanimously confirmed and petition dismissed, without costs. Memorandum: Petitioner seeks review of two separate determinations of the State Division of Human Rights finding no probable cause to believe that she was discriminated against because of her sex and age. Petitioner presented her charges at the two-party fact-finding conference and was later afforded a full opportunity to rebut evidence offered by respondent (*see,* 9 NYCRR 465.6; *State Div. of Human Rights v Gaylord Bros.,* 112 AD2d 726). Furthermore, the Division's determinations have a rational basis in the record (*see, State Div. of Human Rights v Ingersoll-Rand Co.,* 106 AD2d 917). (Proceeding pursuant to Executive Law § 298.) Present—Dillon, P. J., Hancock, Jr., Doerr, Denman and O'Donnell, JJ.