■ JERRY B. WILSON ROOFING AND PAINTING, INC., et al., Respondents, v JOBCO—E. R. KELLY ASSOCIATES, INC., et al., Appellants.—Yesawich, Jr., J. Appeal from two judgments of the Supreme Court in favor of plaintiffs, entered September 25, 1985 in Otsego County, upon a decision of the court at Trial Term (Fischer, J.), with an advisory jury.

This litigation stems from the performance of six separate construction contracts for the installation of insulation and roofing on several buildings in a shopping mall in the Town of Oneonta, Otsego County. Defendants' challenge to the damages awarded—in each instance the full contract price—has substance with respect to two of the contracts: one for the roofing of the main building of the shopping mall, and the other for the roofing of the K-Mart building. The contract amounts were $99,980 and $68,970, respectively; the roofer was plaintiff Wilson Roofing, Inc. (hereinafter plaintiff).

After commencing work on the mall, plaintiff was paid on a monthly basis in accordance with its contract with defendant Jobco—E. R. Kelly Associates, Inc. (hereinafter Jobco), the general contractor. The payments remitted by Jobco covered materials used for work completed, less retainage of 10%.

When the May 1983 payment was not forthcoming, plaintiff, in due course, filed mechanic's liens and instituted suit to foreclose the same. A joint trial, with an advisory jury, was had of plaintiff's suit, a separately commenced action initiated by Jobco charging plaintiff with unworkmanlike performance of the roofing contracts, and a third action, wherein plaintiff Jerry B. Wilson Roofing and Painting, Inc. sought to recover from suppliers for allegedly furnishing defective roofing materials used in the projects. The jury found that plaintiffs substantially performed each of the six contracts and the court awarded them full recovery of the contract prices, prompting this appeal. Only defendants' contention, that the evidence adduced at trial did not demonstrate that plaintiff substantially performed the K-Mart and mall roofing jobs and, therefore, it was not entitled to recover the full contract price, merits attention.

Substantial performance connotes performance that is in "compliance with the contract except for minor and relatively unimportant deviations" (22 NY Jur 2d, Contracts, § 318, at 195-196; *see, Jacob & Youngs v Kent,* 230 NY 239). Thus, "[i]n order to recover for substantial performance, the plaintiff must establish that its failure to perform was inadvertent or unintentional and that the defects were insubstantial" *(Sear-Brown Assocs. v Blackwatch Dev. Corp.,* 112 AD2d 765). While the determination of whether the performance for which recovery is sought was indeed "substantial" turns upon the facts of each particular case, it is significant to note that in *Sear-Brown,* the court found that defective work which amounted to 13% of the total contract price was "not insubstantial" *(see, supra).*

With respect to plaintiff's performance of the K-Mart roofing contract, testimony elicited from Jobco's principal established, *inter alia,* that $25,000 was paid out to another subcontractor to "bring the K-Mart roof up to K-Mart specifications". Correspondence in the record from K-Mart addressed to Jobco, as well as to the developer of the mall project, uniformly expresses K-Mart's dissatisfaction with the roof as installed by plaintiff even before plaintiff left the jobsite, lending substance to the need for the corrective action taken by Jobco. Furthermore, plaintiff's principal acknowledged that before the job was liened, it received a copy of a K-Mart complaint yet never attempted to respond or correct the claimed defects in the K-Mart roof.

Thus, inasmuch as plaintiff was on notice as to these defects, which on their face represent 36% of the K-Mart roofing

contract price, its argument that it substantially performed this contract may well lack conviction. Moreover, since defendants have shown damages may exist, but proof as to the amount thereof is insufficiently developed in this record, remittal for a new trial as to the damages actually incurred as a result of the K-Mart contract is required (see, Manniello v Dea, 92 AD2d 426, 429). An adjustment of the final awards may be required if, after retrial, defendants carry their burden of establishing, with precision what, if any, of the moneys expended on the roofs were incurred to correct plaintiff's work. These findings of fact will, in the final analysis, determine whether plaintiff did indeed substantially perform these contracts and, accordingly, whether the damage formula for substantial performance is applicable.

For essentially the same reason, the award to plaintiff of the balance of the contract price for roofing the main mall building must also be modified. Plaintiff contracted with the mall's new owners to perform additional work on the main mall for $15,000. Allegedly Carlisle Corporation, a roofing material concern, was to deduct from this figure "the cost of materials to finish the mall". Inasmuch as $15,000 constitutes approximately 15% of the total contract price of the mall building roofing job, not an insubstantial amount, and given the ambiguity surrounding this contract for $15,000, a new trial as to the damages that defendants may have suffered as a result of this contract is also necessary.

Other points raised by defendants have been rendered academic by our disposition or, to the extent preserved, lack merit.

Judgment in favor of plaintiff Wilson Roofing, Inc. modified, on the law and the facts, without costs, by reversing so much thereof as awarded said plaintiff the balance due on the separate roofing contracts for the K-Mart and main mall buildings; matter remitted to Supreme Court for a new trial on the issue of damages; and, as so modified affirmed.

Judgment in favor of plaintiff Jerry B. Wilson Roofing and Painting, Inc. affirmed, without costs. Main, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.