■ JERRY B. WILSON ROOFING AND PAINTING, INC., et al., Respondents, v JOBCO—E. R. KELLY ASSOCIATES, INC., et al., Appellants.—Yesawich, Jr., J. Appeal from an order of the Supreme Court (Fischer, J.), entered February 5, 1988 in Otsego County, which, upon remittal from this court, granted a motion by plaintiff Wilson Roofing, Inc. for final judgment.

The events leading up to this appeal are recited in a previous decision of this court (128 AD2d 953). Upon remittal, plaintiff Wilson Roofing, Inc. (hereinafter plaintiff) moved for final judgment on the ground that the issue of damages had already been determined at the previous trial *(see,* 131 AD2d 972, 973). Supreme Court granted that motion and defendants appeal.

Defendants' challenges to Supreme Court's evidentiary rulings and jury instructions are unavailing for they are either unpreserved for review or without substance. As to the merits of this case, the facts and law relating thereto have been thoroughly examined by Supreme Court in its decision, dated January 20, 1988, which we endorse. We add only that although the burden of proof regarding the value of the difference between substantial and full performance lies with plaintiff *(see, Mirisis v Renda,* 83 AD2d 572, 573), it is in plaintiff's interest to prove that this offset against its recovery on a

contract is little or nothing. If defendants want a larger offset it is they who must produce evidence to that effect. There is, consequently, no inconsistency, contrary to defendants' contention, in a finding of substantial performance despite plaintiff's position of entitlement to the full contract price. As Supreme Court noted, defendants are not entitled to an offset where plaintiff's failure to render full performance is attributable to denial of its contractual right to cure and its exclusion from the jobsite preventing it from completing the project (see, Savin Bros. v State of New York, 62 AD2d 511, 516).

Order affirmed, with costs. Mahoney, P. J., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.