■ BOTCO DEVELOPMENTS, INC., Appellant, v MIKEALICE MANAGEMENT CORPORATION et al., Respondents. [738 NYS2d 624] —Appeal from an order of Supreme Court, Niagara County (Lane, J.), entered November 3, 2000, which granted defendants' motion for summary judgment.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is denied and the complaint is reinstated.

Memorandum: Supreme Court erred in granting defendants' motion seeking summary judgment dismissing the complaint. In support of their motion, defendants asserted that they substantially performed their obligations under the contract at issue. Defendants failed, however, to establish that their failure to comply fully with the terms of the contract was "inadvertent or unintentional" or that "the defects [in their performance] were insubstantial" (*Sear-Brown Assoc. v Blackwatch Dev. Corp.*, 112 AD2d 765; *see, Hadden v Consolidated Edison Co. of N.Y.*, 34 NY2d 88, 97 n 9) and thus failed to establish their entitlement to judgment as a matter of law (*see, Zuckerman v City of New York*, 49 NY2d 557, 562). Present—Pine, J.P., Scudder, Kehoe, Burns and Gorski, JJ.

■ RICHARD A. COLE, M.D., Respondent, v LISA L. WINKLER STONEFOOT, Appellant, et al., Defendant. [737 NYS2d 324] —Appeal from that part of an order of Supreme Court, Chautauqua County (Gerace, J.), entered March 2, 2001, that denied in part defendants' motion for summary judgment.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Supreme Court properly denied that part of the motion of defendants seeking summary judgment dismissing the complaint against Lisa L. Winkler Stonefoot (defendant). The assertion of defendant that plaintiff will be unable to prove at trial that she owes him money for medical treatment rendered is insufficient to establish her entitlement to judgment as a matter of law. "[T]he proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact" (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324). Present—Pine, J.P., Scudder, Kehoe, Burns and Gorski, JJ.