■ CADLE COMPANY II, INC., Appellant-Respondent, v EURITA McLEAN, Also Known as EURITA FARRELLY, et al., Respondents-Appellants, et al., Defendants. [839 NYS2d 811]—

In an action, inter alia, to foreclose a mortgage, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Woodard, J.), entered June 28, 2006, as denied its cross motion for summary judgment on the complaint, and the defendants Eurita McLean, also known as Eurita Farrelly, and Melvin McLean cross-appeal, as limited by their brief, from so much of the same order as denied that branch of their motion which was for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

On May 23, 1996, the defendants Eurita McLean, also known as Eurita Farrelly, and Melvin McLean entered into a "retail installment contract" (hereinafter the contract) with Reliable Home Improvement, Inc. (hereinafter Reliable) (see Personal Property Law § 413 [6]). The contract stated, inter alia, that Reliable would make certain improvements to the McLeans' home and would "provide[ ]" the McLeans with "credit" in the amount of $24,242.25.

On the same day, the McLeans also signed a mortgage agreement wherein the McLeans granted Reliable a mortgage on their house as security for their debt under the contract (see Personal Property Law § 421). The contract and the mortgage agreement were assigned numerous times, ultimately to the plaintiff.

In August 2003, the plaintiff commenced this action, inter alia, to foreclose a mortgage against the McLeans, who had made only a few of the required payments under the contract. Eventually, the McLeans moved for, among other things, summary judgment dismissing the complaint, and the plaintiff cross-moved, inter alia, for summary judgment on the complaint. In the order appealed from, the Supreme Court, among other things, denied the motion and that branch of the cross motion which was for summary judgment dismissing the complaint. We affirm the order insofar as appealed and cross-appealed from.

The plaintiff established its entitlement to judgment as a matter of law by showing the existence of a debt, the existence

of a mortgage securing the debt, and nonpayment of the debt (*see Gro-Wit Capital, Ltd. v Obigor, LLC,* 33 AD3d 859 [2006]; *Marculescu v Ovanez,* 27 AD3d 701 [2006]; *Marine Midland Bank v Fillippo,* 276 AD2d 601 [2000]; *LBV Props. v Greenport Dev. Co.,* 188 AD2d 588, 589 [1992]). However, in opposition, the McLeans raised a triable issue of fact as to whether the debt they assumed under the contract was void because Reliable's work was so incomplete and unworkmanlike as to relieve them of liability under the contract (*see generally Hammelburger v Foursome Inn Corp.,* 54 NY2d 580, 586 [1981]; *State St. Bank & Trust Co. v Boayke,* 249 AD2d 535 [1998]; *cf. Frank v Feiss,* 266 AD2d 825, 826 [1999]). Accordingly, the plaintiff's cross motion for summary judgment on the complaint was properly denied.

Since the McLeans failed to establish, prima facie, that the debt was void, or that the mortgage was invalid, the Supreme Court correctly denied that branch of their motion which was for summary judgment dismissing the complaint. Crane, J.P., Goldstein, Covello and Dickerson, JJ., concur.