■ DENTAL HEALTH ASSOCIATES et al., Respondents, v ALI ZANGENEH, Appellant, et al., Defendants. [915 NYS2d 311]—

In an action, inter alia, to recover damages for breach of fiduciary duty and breach of a covenant not to compete, the defendant Ali Zangeneh appeals from an amended judgment of the Supreme Court, Orange County (Byrne, J.), dated October 22, 2009, which, upon an order of the same court dated September 11, 2009, granting that branch of the plaintiffs' motion which was to direct him to disgorge partnership compensation received by him in 1998, is in favor of the plaintiff Steven P. Stern and against him in the principal sum of $192,731.91.

Ordered that the amended judgment is reversed, on the law, with costs, that branch of the plaintiffs' motion which was to direct the defendant Ali Zangeneh to disgorge partnership compensation received by him in 1998 is denied, and the order dated September 11, 2009, is modified accordingly.

This action involves a partnership for the practice of dentistry. When the defendant Ali Zangeneh left the partnership in 1999, the plaintiffs commenced this action, alleging breach of fiduciary duty and breach of a covenant not to compete contained in the partnership agreement. As winding-up partner, the plaintiff Steven P. Stern submitted an accounting report, to which Zangeneh objected. The parties thereafter stipulated that the tort and contract claims would be tried first, and the wind-up of the partnership would be resolved afterwards. After a nonjury trial, the tort and contract claims were resolved in favor of Stern, who was awarded damages for lost income. The plaintiffs then moved to adopt the accounting report and, for the first time, requested that Zangeneh disgorge the sum of

$192,731.91 in partnership compensation received from February 1998 through December 1998.

Zangeneh correctly argues that the parties' stipulation entered into on May 6, 2002, bars this belated claim for disgorgement. "By stipulation, the parties may shape the facts to be determined at trial and thus circumscribe the relevant issues for the court to the exclusion of disputed matters that otherwise would be available to the parties" (*Deitsch Textiles v New York Prop. Ins. Underwriting Assn.*, 62 NY2d 999, 1002 [1984]; *see Roberts v Worth Constr., Inc.*, 21 AD3d 1074 [2005]; *Nishman v De Marco*, 76 AD2d 360 [1980]). Here, the parties agreed that the accounting issues, as raised in a motion made by the plaintiffs in March 2002, inter alia, to adopt the accounting report, would be the only unresolved issues following the trial of the tort and contract claims. The claim for disgorgement was not raised in the plaintiffs' March 2002 motion. Accordingly, the plaintiffs' belated request for disgorgement should have been denied.

The plaintiffs' remaining contentions are without merit. Dillon, J.P., Balkin, Leventhal and Chambers, JJ., concur.