◼ Lovett, LLC, Appellant, v Doris Brown, as Administrator of the Estate of Willie Smith, Deceased, Respondent, et al., Defendants. [995 NYS2d 217]—

In an action, inter alia, to foreclose a mortgage, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Sunshine, Ct. Atty. Ref.), dated January 10, 2013, as, after a hearing, determined that the plaintiff is entitled to a judgment against the defendants in the principal sum of only $10,000.

Ordered that on the Court's own motion, the notice of appeal is deemed to be an application for leave to appeal, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is modified, on the facts, by increasing the principal sum that the plaintiff is entitled to from $10,000 to $20,119.78; as so modified, the order is affirmed insofar as appealed from, with costs payable by the defendant Doris Brown, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent herewith.

This action stems from a retail installment contract for certain home improvements which was secured by a mortgage on real property. The plaintiff, as assignee of the mortgage, commenced this action to foreclose the mortgage. After a hearing, the Supreme Court entered judgment in favor of the plaintiff in the sum of $10,000. The plaintiff appeals, contending that the judgment is inadequate.

We agree with the plaintiff's contention that the retail installment contract at issue was ratified since payments were made pursuant to that contract for nine years without protest (*see Rio v Rio*, 110 AD3d 1051, 1054 [2013]; *Edison Stone Corp. v 42nd St. Dev. Corp.*, 145 AD2d 249, 253 [1989]). Additionally, the plaintiff demonstrated that, pursuant to the contract, it was entitled to a judgment against the defendants in the principal sum of $20,119.78 (*see Cadle Co. II, Inc. v McLean*, 42 AD3d 509, 510-511 [2007]). The plaintiff also was entitled to prejudgment interest at the statutory rate of 9%. Accordingly, we remit the matter to the Supreme Court, Kings County, for the calculation of the interest due and the entry of an appropriate judgment thereafter. Rivera, J.P., Hall, Austin and Cohen, JJ., concur.