*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  May 21, 2015                    519353
_____

In the Matter of JOHN Z.

COMMISSIONER OF THE NEW YORK
    STATE OFFICE OF MENTAL                 MEMORANDUM AND ORDER
    HEALTH,
                    Respondent;

JOHN Z.,
                    Appellant.
_____

Calendar Date:  April 24, 2015

Before:  Peters, P.J., Garry, Egan Jr. and Lynch, JJ.

_____

        John Z., Comstock, appellant pro se.

        Eric T. Schneiderman, Attorney General, Albany (Jeffrey W.
Lang of counsel), for respondent.

_____

Garry, J.

        Appeal from an order of the Supreme Court (Pritzker, J.),
entered June 20, 2014 in Washington County, which, in a
proceeding pursuant to CPL 330.20, partially denied respondent's
motion to seal the record of the proceeding.

        Respondent was found not guilty of various crimes by reason
of mental disease and defect.  He was also convicted of other
crimes and is currently serving a prison sentence.  In 2013,
petitioner applied for a recommitment order pursuant to CPL
330.20, arguing that respondent has a dangerous mental disorder
and that he currently constitutes a physical danger to himself
and others.  Respondent moved to seal the recommitment

proceedings and for a hearing to determine the source of alleged leaks of information regarding the proceeding to the media. Supreme Court partially granted respondent's motion, ruling that his clinical treatment records, related hospital records and unrelated medical records would be sealed, but otherwise denied the motion. Respondent now appeals.

Respondent contends that Supreme Court should have ordered a blanket sealing of the record and proceedings pursuant to Mental Hygiene Law §§ 9.31 (f) and 33.13. Generally, individuals acquitted by the defense of mental disease or defect are accorded the same rights as patients under the Mental Hygiene Law (see CPL 330.20 [17]). Mental Hygiene Law § 9.31 (f) provides that papers filed with the county clerk regarding involuntary admissions on medical certification shall be sealed. Pursuant to Mental Hygiene Law § 33.13, clinical records for patients shall not be made public (see Mental Hygiene Law § 33.13 [c]).

Here, respondent was subject to CPL 330.20 based upon his acquittal of criminal charges by reason of mental disease or defect. A lack of responsibility for criminal conduct by reason of mental disease or defect is an affirmative defense that a defendant must raise and prove by a preponderance of the evidence (see Penal Law §§ 25.00 [2]; 40.15). By avoiding criminal penalties and becoming subject to CPL 330.20, "this places insanity acquittees in a significantly different posture than involuntarily committed civil patients" (Matter of Jamie R. v Consilvio, 6 NY3d 138, 141 n 2 [2006]), and "rational differences between procedures for commitment and release applicable to defendants found not responsible and persons involuntarily committed under the Mental Hygiene Law are justifiable" (1981 Report of NY Law Rev Commn, 1981 McKinney's Session Laws of NY, at 2264; see Matter of Jamie R. v Consilvio, 6 NY3d at 141, n 2). In light of this distinction, we agree with Supreme Court that the blanket sealing of the record that is specifically applicable to the involuntarily admission of civil patients under Mental Hygiene Law § 9.31 (f) is not applicable to respondent (see People v Kahan, 115 Misc2d 725, 736-737 [1982]).

We reach a different conclusion, however, regarding defendant's clinical record. Pursuant to Mental Hygiene Law

§ 33.13, a clinical record for each patient or client shall be kept containing "information on all matters relating to the admission, legal status, care, and treatment of the patient or client and shall include all pertinent documents relating to the patient or client" (Mental Hygiene Law § 33.13 [a]) and "such information about patients or clients . . . shall not be a public record," subject to certain exceptions (Mental Hygiene Law § 33.13 [c]). Although Supreme Court ruled that respondent's clinical treatment records, related hospital records and unrelated medical records must be sealed, it is unclear if other information intended to be included in his clinical record under Mental Hygiene Law § 33.13 (a) would be made public. In our view, respondent is entitled to the full protection of Mental Hygiene Law § 33.13, and all information contained in his clinical record, as defined in Mental Hygiene Law § 33.13 (a), shall not be made public, subject to the statutory exceptions (see Mental Hygiene Law § 33.13 [c]).

Finally, Supreme Court properly denied respondent's request for a fact-finding hearing to uncover the source of alleged disclosures of information to the media, as there is no evidence of any unauthorized disclosure of information.[1] Respondent's remaining contentions have been considered and found to be without merit.

---

[1]  Respondent also argues that Supreme Court abused its discretion with regard to whether the general public will be allowed to attend future hearings (see 22 NYCRR 109.1). The record reflects that, when addressing this issue, the court stated that respondent had not made any request to close the courtroom. Although the court indicated that any future request that a hearing be closed would be scrutinized within the context of balancing the public interest in the matter with respondent's privacy rights, such a statement is not appealable, as it did not involve some part of the merits or affect a substantial right of the parties (see CPLR 5701 [a] [2] [iv], [v]; Cuomo v Long Is. Light. Co., 71 NY2d 349, 354 [1988]; Kroemer v Pensgen, 38 AD3d 1239 [2007]).

Peters, P.J., Egan Jr. and Lynch, JJ., concur.


ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as denied that part of respondent's motion seeking that his clinical record be sealed pursuant to Mental Hygiene Law § 33.13 (c); motion granted to that extent; and, as so modified, affirmed.



ENTER:

Robert D. Mayberger
Clerk of the Court