■ MACK-CALI REALTY, L.P., et al., Appellants-Respondents, v EVERFOAM INSULATION SYSTEMS, INC., Respondent-Appellant. [12 NYS3d 106]—

In an action to recover damages for breach of contract and negligence, the plaintiffs appeal from (1) a decision of the Supreme Court, Westchester County (O. Bellantoni, J.), dated March 25, 2013, made after a nonjury trial, (2) a judgment of the same court entered April 15, 2013, and (3) an amended judgment of the same court entered June 11, 2013, which, upon a decision and order (one paper) of the same court entered May 9, 2013, inter alia, denying those branches of their motion which were pursuant to CPLR 4404 (b) for judgment in their favor on the cause of action alleging breach of contract, for an award of prejudgment interest from April 1, 2008, and for an

award of attorney's fees, and for leave to amend the pleadings to conform to the evidence adduced at trial, is in favor of them and against the defendant in the principal sum of only $555,732.20, and the defendant cross-appeals from the same judgment and amended judgment.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (see Schicchi v J.A. Green Constr. Corp., 100 AD2d 509, 509-510 [1984]); and it is further,

Ordered that the appeal and the cross appeal from the judgment are dismissed, as the judgment was superseded by the amended judgment; and it is further,

Ordered that the amended judgment is modified, on the law, on the facts, and in the exercise of discretion, (1) by deleting the provision thereof which is in favor of the plaintiffs and against the defendant on the cause of action alleging negligence, and substituting therefor a provision which is in favor of the plaintiffs and against the defendant on the cause of action alleging breach of contract, and (2) by adding a provision thereto dismissing the cause of action alleging negligence; as so modified, the amended judgment is affirmed, those branches of the plaintiffs' motion which were pursuant to CPLR 4404 (b) for judgment in their favor on the cause of action alleging breach of contract, for an award of prejudgment interest from April 1, 2008, and for an award of attorney's fees, and for leave to amend the pleadings to conform to the evidence adduced at trial are granted, the decision and order entered May 9, 2013, is modified accordingly, and the matter is remitted to the Supreme Court, Westchester County, to determine the amount of prejudgment interest and attorney's fees to be awarded to the plaintiffs, and for the entry of an appropriate second amended judgment thereafter; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

The defendant installed spray foam insulation on the third and fourth floors of the plaintiffs' commercial building. The plaintiffs commenced this action against the defendant to recover damages for breach of contract and negligence, alleging that the defendant improperly installed the foam in some areas on the third floor, thereby causing a strong noxious odor in the third-floor space leased to Allstate Insurance Company. The Supreme Court awarded judgment in favor of the plaintiffs and against the defendant only with respect to the negligence cause of action.

The Supreme Court erred in determining that the "Quotation" listed as "Exhibit A" of the contract, which provided that the defendant would perform the installation of polyurethane

spray foam "in strict accordance with the Manufacturers' specifications," was not part of the contract. The contract specifically referenced and incorporated Exhibit A, and the parties stipulated that the Quotation was included as part of the contract (*see Deitsch Textiles v New York Prop. Ins. Underwriting Assn.*, 62 NY2d 999, 1002 [1984]; *Dental Health Assoc. v Zangeneh*, 80 AD3d 724, 724 [2011]). Furthermore, since the parties executed the contract, the parties' additional signatures were not needed on the Quotation (*see Flores v Lower E. Side Serv. Ctr., Inc.*, 4 NY3d 363, 369 [2005]; *Furman v Wells Fargo Home Mtge., Inc.*, 105 AD3d 807 [2013]).

Moreover, the Supreme Court improvidently exercised its discretion in denying that branch of the plaintiffs' motion which was for leave to amend the pleadings to conform to the evidence adduced at trial. "Whether to permit a party to amend a pleading is generally a matter of discretion for the trial court and, on review, the Appellate Division" (*Krichmar v Krichmar*, 42 NY2d 858, 860 [1977]). Absent prejudice, courts are free, pursuant to CPLR 3025 (c), to permit the amendment of pleadings, even after trial (*see Kimso Apts., LLC v Gandhi*, 24 NY3d 403, 411 [2014]; *Dittmar Explosives v A. E. Ottaviano, Inc.*, 20 NY2d 498, 502 [1967]). Leave shall be freely given upon such terms as may be just (*see* CPLR 3025 [b]). "This favorable treatment applies even if the amendment substantially alters the theory of recovery" (*see Kimso Apts., LLC v Gandhi*, 24 NY3d at 411 [internal quotation marks and citations omitted]).

Here, the proposed amendment to the breach of contract cause of action does not alter the theory of recovery. The complaint alleged that the defendant failed to perform the work in a good and workmanlike manner, albeit in the context of the cause of action alleging negligence. Furthermore, the defendant, who has the burden of establishing prejudice (*see Caceras v Zorbas*, 74 NY2d 884, 885 [1989]), failed to assert that it would be prejudiced by permitting the plaintiffs to amend the complaint to conform to the evidence adduced at trial that the work was not performed in a good and workmanlike manner (*see Loomis v Civetta Corinno Constr. Corp.*, 54 NY2d 18, 23 [1981]).

Accordingly, upon the evidence adduced at trial establishing that the defendant failed to install the insulation foam in strict accordance with the manufacturer's specifications and failed to perform the work in a good and workmanlike manner, that branch of the plaintiffs' motion which was pursuant to CPLR 4404 (b) for judgment in their favor on the cause of action alleging breach of contract should have been granted. Further-

more, pursuant to the terms of the contract, the plaintiffs, as the prevailing party, are entitled to recover reasonable attorneys' fees as well as prejudgment interest. Such interest should be calculated from April 1, 2008, at the statutory rate of 9% (*see* CPLR 5001 [a]; *Lovett, LLC v Brown*, 121 AD3d 1055 [2014]).

In addition, while we agree with the plaintiffs that the Supreme Court erred in determining, in effect, that since only 25% of the work performed was defective, the defendant "substantially performed" the contract (*Novair Mech. Corp. v Universal Mgt. & Contr. Corp.*, 81 AD3d 909 [2011]; *see Jerry B. Wilson Roofing & Painting v Jobco-E. R. Kelly Assoc.*, 128 AD2d 953 [1987]; *Sear-Brown Assoc. v Blackwatch Dev. Corp.*, 112 AD2d 765 [1985]; *Triple M. Roofing Corp. v Greater Jericho Corp.*, 43 AD2d 594 [1973]), the court nevertheless properly permitted an offset against the plaintiffs' recovery. The plaintiffs would be granted a substantial windfall if awarded damages for the expense incurred for the remediation work needed without a setoff for the work properly performed since the majority of the foam insulation did not require removal and in fact was not removed from the building, and the defendant had not been paid for any of that insulation work (*see Jerry B. Wilson Roofing & Painting v Jobco—Kelly Assoc.*, 151 AD2d 896 [1989]).

As indicated, the gravamen of the cause of action alleging negligence is that the work performed under the contract was performed in a less than skillful and workmanlike manner. Such a cause of action sounds in breach of contract, not negligence (*see Corrado v East End Pool & Hot Tub, Inc.*, 69 AD3d 900, 900 [2010]; *Staten Is. N.Y. CVS, Inc. v Gordon Retail Dev., LLC*, 57 AD3d 760, 763 [2008]; *Panasuk v Viola Park Realty, LLC*, 41 AD3d 804, 805 [2007]). "The plaintiffs' allegations of negligence are 'merely a restatement, albeit in slightly different language, of the . . . contractual obligations asserted in the causes[s] of action for breach of contract' " (*Park Edge Condominiums, LLC v Midwood Lbr. & Millwork, Inc.*, 109 AD3d 890, 891 [2013], quoting *Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382, 390 [1987]; *see Kallman v Pinecrest Modular Homes, Inc.*, 81 AD3d 692, 692-693 [2011]; *Corrado v East End Pool & Hot Tub, Inc*, 69 AD3d at 900-901). Under such circumstances, the plaintiffs were not permitted to recover on the cause of action alleging negligence, and that cause of action should have been dismissed (*see Park Edge Condominiums, LLC v Midwood Lbr. & Millwork, Inc.*, 109 AD3d at 891).

The defendant's remaining contentions are without merit. Hall, J.P., Sgroi, Miller and Hinds-Radix, JJ., concur.