OPINION OF THE COURT
David H. Guy, J.
On January 20, 2017, Linda E. filed a petition under article 81 of the Mental Hygiene Law requesting the appointment of a guardian of the person and property of her son, Justin B. By order to show cause dated January 24, 2017, the court appointed Mental Hygiene Legal Service for the Third Department (MHLS) as counsel for Mr. B. The matter was scheduled for a hearing in the Tompkins County courthouse on February 15, 2017.
Mr. B. is under felony indictment for murder in the second degree and menacing a police officer. The Tompkins County Court ordered a CPL article 730 evaluation of Mr. B. when he tried to plead guilty at his arraignment. Mr. B. was examined and found unfit to proceed. The County Court ordered Mr. B.’s commitment per CPL 730.50 for further evaluation, and he has been transferred to Mid-Hudson Psychiatric Center.
On February 6, 2017, Matthew Van Houten, Tompkins County District Attorney, communicated his intention of having himself, or other personnel from his office, attend the hearing on this article 81 proceeding. Counsel for the petitioner and for Mr. B. were advised of Mr. Van Houten’s request. On February 8, 2017, Mental Hygiene Legal Service for the Third Department, Richard J. Wenig, Esq., of counsel, filed a motion requesting this matter be sealed pursuant to Mental Hygiene Law § 81.14 (b), and that members of the public, including Mr. Van Houten and members of his District Attorney staff, be excluded from the proceeding.
The court executed an order to show cause on the sealing/ exclusion motion on February 8, 2017, directing responsive *702 papers be submitted by February 10, 2017, with any replies to the responding papers submitted to the court by February 14, 2017. Mr. Van Houten submitted an affirmation in opposition to the motion on February 10, 2017. Mr. B.’s counsel in the criminal proceeding, James A. Baker, Esq., filed an affirmation in support of the motion on February 14, 2017. Mr. Wenig submitted a responsive affidavit on February 14, 2017. The motion was orally argued in advance of the scheduled hearing. This written decision confirms the decision made on the record on February 15, 2017.
Mental Hygiene Law article 81 proceedings are presumptively open to the public and may only be sealed by the court upon a written finding for good cause. In making this determination, the court must consider “the interest of the public, the orderly and sound administration of justice, the nature of the proceedings, and the privacy of the person alleged to be incapacitated” (Mental Hygiene Law § 81.14 [b], [c]). For the reasons set forth below, the court finds Mr. B. has established good cause. The record of this proceeding shall be sealed and the public, including members of the staff of the Tompkins County District Attorney, will be excluded from the proceeding.
The allegations in the article 81 petition support the court’s execution of the order to show cause, setting this matter down for a hearing. In order for the court to fully and fairly adjudicate this article 81 proceeding, both petitioner and Mr. B. need to be able to speak fully and freely and present relevant evidence without fear of adverse impact on Mr. B.’s pending criminal proceedings. Mr. Van Houten concedes in paragraph 10 of his affirmation that the criminal matter against Mr. B. is merely suspended, not dismissed.
Since Mr. B.’s liberty interests are at stake in the article 81 proceeding, his Fifth Amendment rights are implicated (Matter of A.G., 6 Misc 3d 447 [Sup Ct, Broome County 2004]). Clearly, Mr. B.’s right against criminal self-incrimination also extends to this article 81 proceeding. Mr. Van Houten’s stated purpose in attending this proceeding is to obtain information for use against Mr. B. in his pending criminal case. This court cannot be restrained in its responsibility to appropriately adjudicate the article 81 proceeding by the potential chilling impact on evidence in this proceeding due to the presence of the public, particularly members of the prosecutor’s office.
Mr. B. also has a medical privacy right in this article 81 proceeding, which is not lost by his arrest, or by the CPL 730.50 *703 suspension of his criminal proceedings. Mr. B. can exercise his medical privacy right to exclude medical, including mental health, evidence (42 USC § 1320d et seq.; Public Health Law § 18; Mental Hygiene Law § 33.13; Matter of John Z. [Commissioner of N.Y. State Off. of Mental Health], 128 AD3d 1249 [3d Dept 2015]; Matter of Rosa B.-S. [William M.B.], 1 AD3d 355 [2d Dept 2003]). He may affirmatively choose to, or even inadvertently, waive his privacy right with respect to this proceeding. That is an evidentiary issue in this proceeding. It is not a waiver of his medical privacy right with respect to the public or other legal proceedings. In Matter of John Z., the alleged incapacitated person’s medical, including clinical, records were held to be protected where he had already been found not guilty by reason of mental defect. That protection is even more compelling in this case, where Mr. B.’s criminal proceedings are still pending.
Mr. Van Houten argues that a judicial determination of Mr. B.’s “incapacity” in this article 81 proceeding would be relevant in the pending criminal matter. The definition of incapacity under article 81 is not the same as incapacity with respect to criminal proceedings. Under article 81, “incapacity” means having limitations which impair one’s ability to address personal and/or financial affairs (Mental Hygiene Law § 81.02 [b] [1]; Matter of Rosa B.-S.). Incapacity under article 81 is specifically not diagnosis based, which is why the medical privilege applies in these proceedings. Thus, it is difficult to see how a judicial determination of incapacity in an article 81 proceeding would be relevant to a determination of incapacity in criminal proceedings.
If sealed by this court the record in this guardianship proceeding will not be available to mental health professionals in connection with any criminal psychiatric evaluation of Mr. B. Again, given the different standards applicable in the different proceedings, it is also unlikely it would be useful or relevant to capacity evaluations in a criminal proceeding.
Balancing the above factors in consideration of the orderly and sound administration of justice, the court exercises its discretion to exclude the public from these proceedings, and seal the records, as requested by Mr. B.