Matter of Alexander B.P. (Hafner) (2018 NY Slip Op 06744)





Matter of Alexander B.P. (Hafner)


2018 NY Slip Op 06744


Decided on October 10, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 10, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SANDRA L. SGROI
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2016-11267
 (Index No. 31965/16)

[*1]In the Matter of Alexander B.P. (Anonymous), respondent. Long Island Jewish Valley Stream Hospital, etc., petitioner-appellant; Bruce Robert Hafner, etc., nonparty-respondent.


La Salle, La Salle & Dwyer, P.C., Sea Cliff, NY (Lori A. La Salle of counsel), for petitioner-appellant.
Bruce Robert Hafner, Lynbrook, NY, nonparty-respondent pro se.



DECISION & ORDER
In a proceeding pursuant to Mental Hygiene Law article 81, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Nassau County (Daniel R. Palmieri, J.), dated September 4, 2016. The order and judgment, insofar as appealed from, directed the petitioner to compensate the guardian in the sum of $500 per month and to pay the fee of $250 to the court evaluator, and sealed the record of the proceedings.
ORDERED that order and judgment is modified, on the facts and in the exercise of discretion, by deleting the provision thereof directing the petitioner to compensate the guardian in the sum of $500 per month, and substituting therefor a provision directing that the total sum of $3,000 shall be paid from the funds of Alexander B. P. to Bruce Robert Hafner, Esq., the guardian, for his services rendered on behalf of Alexander B. P. to date; as so modified, the order and judgment is affirmed insofar as appealed from, without costs or disbursements; and it is further,
ORDERED that the matter is remitted to the Supreme Court, Nassau County, for the entry of an order relieving Bruce Robert Hafner, Esq., as guardian, and substituting in his stead a suitable not-for-profit guardian for Alexander B. P.
The petitioner, Long Island Jewish Valley Stream Hospital, by Catherine Hottendorf, in her capacity as its Executive Director, filed a petition pursuant to Mental Hygiene Law article 81 alleging that then patient, Alexander B. P., was in need of a guardian in order to provide for his personal needs and property management. After a hearing, the Supreme Court, in an order and judgment dated September 4, 2016, granted the petition and appointed an independent guardian, Bruce Robert Hafner, Esq., to manage Alexander B. P.'s person and property. Additionally, the court directed the petitioner to compensate the guardian in the sum of $500 per month and to pay the fee of $250 to the court evaluator, and sealed the record of the proceedings. The petitioner appeals.
Pursuant to Mental Hygiene Law § 81.28(a), the court shall establish a plan for the reasonable compensation of a guardian. The only requirement is that the court "must take into account the specific authority of the guardian or guardians to provide for the personal needs and/or [*2]property management for the incapacitated person, and the services provided to the incapacitated person by such guardian" (see Matter of Goldstein v Zabel, 146 AD3d 624, 629). Thus, the Legislature did not specifically provide that the guardian's compensation must come from any particular source.
The Legislature provided that the court may direct the petitioner to compensate a court evaluator and/or legal counsel in a guardianship proceeding only when the petition is denied or dismissed, or the alleged incapacitated person dies before a determination is made in the proceeding (see Mental Hygiene Law §§ 81.09[f]; 81.10[f]; Matter of Buttiglieri [Ferrel J.B.], 158 AD3d 1166). "[T]he Legislature was clearly cautioning those who would bring a frivolous petition, or one motivated by avarice, that they might very well have to bear the financial burden of the proceeding" (Matter of Lyles, 250 AD2d 488, 489). In contrast, the issue of the source of compensation for a guardian only arises when a petition is granted and thus is not frivolous. Therefore, although Mental Hygiene Law § 81.28(a) does not explicitly prohibit a court from directing a petitioner to compensate a guardian, given that the petitioner was successful and there was no evidence that the proceeding was commenced in bad faith, the Supreme Court's directive that the petitioner compensate the guardian constituted an improvident exercise of discretion (see generally Matter of Lyles, 250 AD2d 488). Rather, the guardian must be compensated from the funds of Alexander B. P.
However, we agree with the Supreme Court's determination directing the petitioner to pay the court evaluator's fee. "By stipulation, the parties may shape the facts to be determined at trial and thus circumscribe the relevant issues for the court to the exclusion of disputed matters that otherwise would be available to the parties" (Deitsch Textiles v New York Prop. Ins. Underwriting Assn., 62 NY2d 999, 1002; see Dental Health Assoc. v Zangeneh, 80 AD3d 724, 724). Here, the petitioner entered into a stipulation providing that it would pay the court evaluator's fee.
Finally, we agree with the Supreme Court's determination granting the guardian's application to seal the record pursuant to Mental Hygiene Law § 81.14(b) (see Matter of Linda E. [Justin B.], 55 Misc 3d 700 [Sup Ct, Tompkins County]). Although the court should have entered the order upon a "written finding of good cause [to seal the record], which shall specify the grounds thereof" (Mental Hygiene Law § 81.14[b]), there was good cause to seal the record in light of Alexander B. P.'s privacy interests and the nature of the incapacity involved.
Accordingly, the guardian should be paid the total sum of $3,000 from the funds of Alexander B. P. for his services rendered on behalf of Alexander B. P. to date. We remit the matter to the Supreme Court, Nassau County, for the entry of an order relieving Bruce Robert Hafner as guardian and substituting a suitable not-for-profit guardian for Alexander B. P.
MASTRO, J.P., SGROI, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne 5Agostino
Clerk of the Court