A.E. Rosen Elec.al Co., Inc. v Plank, LLC (2020 NY Slip Op 01684)





A.E. Rosen Elec.al Co., Inc. v Plank, LLC


2020 NY Slip Op 01684


Decided on March 12, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 12, 2020

528740

[*1]A.E. Rosen Electrical Co., Inc., Respondent,
v
Plank, LLC, Appellant. (And a Third-Party Action.)

Calendar Date: January 17, 2020

Before: Garry, P.J., Egan Jr., Clark, Mulvey and Colangelo, JJ.


Whiteman Osterman & Hanna LLP, Albany (Christopher M. McDonald of counsel), for appellant.
Lippes Mathias Wexler Friedman, LLP, Albany (Conor E. Brownell of counsel), for respondent.



Mulvey, J.
Appeal from a judgment of the Supreme Court (Hartman, J.), entered March 14, 2019 in Albany County, which granted plaintiff's motion for summary judgment.
Plaintiff entered into a contract with defendant, a general contractor, to perform electrical work during a construction project. After plaintiff had completed and submitted payment requests for a large portion of the required electrical work, defendant directed all subcontractors to cease operations due to a dispute with the property owner. Based on defendant's failure to pay plaintiff for completed electrical work, plaintiff commenced this action alleging breach of contract, account stated and violations of Lien Law article 3, seeking $117,278.40 plus interest. Following joinder of issue, plaintiff moved for summary judgment on its breach of contract cause of action. Supreme Court granted the motion, prompting defendant's appeal.
We affirm. "[T]he essential elements of a cause of action to recover damages for breach of contract are the existence of a contract, the plaintiff's performance pursuant to the contract, the defendant's breach of its contractual obligations, and damages resulting from the breach" (Carroll v Rondout Yacht Basin, Inc., 162 AD3d 1150, 1151 [2018], appeal and lv dismissed 32 NY3d 1035 [2018] [internal quotation marks and citation omitted]). In support of its motion, plaintiff submitted its contract with defendant and several approved change orders. Plaintiff provided an affidavit from its president averring that plaintiff performed its work in a good and workmanlike manner, that defendant never mentioned any defects in plaintiff's work or inaccuracies in its account statements, that plaintiff returned to the work site to correct a few minor defects asserted by the owner, the owner thereafter approved of the work and no further defects were identified by either defendant or the owner. Plaintiff also submitted an affidavit from the owner's managing member averring that the dispute between the owner and defendant had nothing to do with plaintiff's electrical work, the owner never received notice from defendant of any problems with plaintiff's work, plaintiff corrected the minor deficiencies that had been identified and no more deficiencies were noted. Further submissions demonstrated that defendant had failed to pay plaintiff $117,278.40 of what was owed for the work performed. Thus, plaintiff established its prima facie entitlement to summary judgment on the breach of contract cause of action (see Suraleb, Inc. v International Trade Club, Inc., 13 AD3d 612, 612-613 [2004]; Kool-Temp Heating & Cooling v Ruzika, 6 AD3d 869, 869-870 [2004]).
Defendant failed to raise a triable issue of material fact. Although defendant cites a report from the owner's agent indicating defects in the electrical work, both the owner's managing member and plaintiff's president averred that, after issuance of the report, plaintiff returned to the work site and corrected the noted deficiencies to the owner's satisfaction, and no further defects were identified. Defendant also relies on prior statements from the owner disputing the percentages of completion for the project, including the electrical work. However, the record contains evidence that defendant strongly disagreed with the owner's reductions in percentages of work completed. Specifically, defendant sent plaintiff several letters and emails stating that the "sole reason" for nonpayment by defendant of amounts owed was that the owner had not paid defendant, defendant was not denying payment but would pay as soon as it received money from the owner, and defendant believed that plaintiff's "[s]chedule of [v]alues and invoiced percentage of completion are correct." These admissions by defendant cannot be overcome by unsupported assertions that the amount claimed by plaintiff may be incorrect. As defendant did not raise a triable issue of material fact, Supreme Court properly granted plaintiff's summary judgment motion.
Supreme Court did not err in declining to deny or postpone determination of the motion so that defendant could engage in discovery (see CPLR 3211 [f]). Some of defendant's arguments are based on speculation, and the other alleged evidence that defendant wishes to discover is either irrelevant or not in plaintiff's exclusive knowledge or possession (see Gersten-Hillman Agency, Inc. v Heyman, 68 AD3d 1284, 1288 [2009]).
Garry, P.J., Egan Jr., Clark and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed, with costs.