Georgica Bldrs., Ltd. v 136 Bishops Lane, LLC (2025 NY Slip Op 05794)

Georgica Bldrs., Ltd. v 136 Bishops Lane, LLC

2025 NY Slip Op 05794

Decided on October 22, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 22, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
FRANCESCA E. CONNOLLY
CARL J. LANDICINO
JAMES P. MCCORMACK, JJ.

2023-00348
 (Index No. 614430/16)

[*1]Georgica Builders, Ltd, appellant-respondent, 
v
136 Bishops Lane, LLC, et al., respondents-appellants.

McAuliffe Law, PLLC, East Hampton, NY (E. Timothy McAuliffe, Jr., of counsel), for appellant-respondent.
Esseks, Hefter, Angel, Di Talia & Pasca, LLP, Riverhead, NY (Kim A. Smith and Anthony C. Pasca of counsel), for respondents-appellants.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals, and the defendants cross-appeal, from an order of the Supreme Court, Suffolk County (George Nolan, J.), dated December 5, 2022. The order, insofar as appealed from, after a nonjury trial, directed dismissal of the second cause of action insofar as asserted against the defendant 136 Bishops Lane, LLC. The order, insofar as cross-appealed from, directed dismissal of the third and fifth counterclaims.
ORDERED that on the Court's own motion, the notices of appeal are deemed to be applications for leave to appeal, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
On or about October 20, 2015, the defendant 136 Bishops Lane, LLC (hereinafter Bishops Lane), entered into a contract with the plaintiff, a contractor, for the construction of a single-family residence on property owned by Bishops Lane in Southampton. The defendant Josh Guberman is the sole member of Bishops Lane. The plaintiff commenced work on the project and the defendants made several payments toward the contract price, but, according to the plaintiff, in March 2016, the defendants failed to make payments due to the plaintiff as required by the contract.
Thereafter, on September 14, 2016, the plaintiff commenced this action against Bishops Lane and Guberman, inter alia, to recover damages for breach of contract. In their answer, the defendants, among other things, asserted counterclaims to recover damages for breach of contract based on the cost of completing the project after the plaintiff's alleged breach (third counterclaim) and for an award of attorneys' fees (fifth counterclaim). After a nonjury trial, the Supreme Court, inter alia, directed dismissal of the second cause of action, alleging breach of contract, insofar as asserted against Bishops Lane, the third counterclaim, and the fifth counterclaim. The plaintiff appeals, and the defendants cross-appeal.
"In reviewing a determination made after a non-jury trial, the power of this Court is as broad as that of the trial court, and this Court may render the judgment it finds warranted by the facts, bearing in mind that in a close case, the trial judge had the advantage of seeing the witnesses and hearing the testimony" (Stagg, Terenzi, Confusione & Wabnik, LLP v Clark Dodge Holding, LLC, 225 AD3d 919, 920 [internal quotation marks omitted]; see Virgilio Trailer Corp. v Ferrandino & Son, Inc., 213 AD3d 970, 971). Nonetheless, "[w]here the trial court's findings of fact rest in large measure on considerations relating to the credibility of witnesses, deference is owed to the trial court's credibility determinations" (Electrical Contr. Solutions Corp. v Trump Vil. Section 4, Inc., 226 AD3d 746, 748 [internal quotation marks omitted]; see Stagg, Terenzi, Confusione & Wabnik, LLP v Clark Dodge Holding, LLC, 225 AD3d at 920).
Here, the Supreme Court properly directed dismissal of the second cause of action, alleging breach of contract, insofar as asserted against Bishops Lane. At trial, the plaintiff failed to adduce any evidence that it was owed money under the contract for work it performed for Bishops Lane (cf. A.E. Rosen Elec. Co., Inc. v Plank, LLC, 181 AD3d 1080, 1081; Donninger Constr., Inc. v C.W. Brown, Inc., 113 AD3d 724, 725). Further, since the plaintiff did not prevail on the breach of contract cause of action, it was not entitled to recover prejudgment interest (see CPLR 5001[a]; cf. Mack-Cali Realty, L.P. v Everfoam Insulation Sys., Inc., 129 AD3d 676, 679; 155 Henry Owners Corp. v Lovlyn Realty Co., 231 AD2d 559, 560; see generally Kachkovskiy v Khlebopros, 164 AD3d 568, 572).
The Supreme Court also properly directed dismissal of the third counterclaim, alleging breach of contract, which sought damages for the cost of completing the project. The defendants failed to present any credible evidence demonstrating that the plaintiff failed to comply with the specifications of the contract or failed to properly perform work before the contract was terminated (cf. Ben Ciccone, Inc. v Naber Elec. Corp., 214 AD3d 936, 938; LaPenna Contr., Ltd. v Mullen, 187 AD3d 1451, 1452). Moreover, since the defendants did not prevail on their counterclaims, they were not entitled to an award of attorneys' fees pursuant to the terms of the contract (cf. Misty Cleaning Servs., Inc. v Independent Group Home Living Program, Inc., 223 AD3d 897, 900; LG Funding, LLC v Johnson & Son Locksmith, Inc., 170 AD3d 1153, 1154).
The parties' remaining contentions are not properly before this Court.
DILLON, J.P., CONNOLLY, LANDICINO and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court